211 So.2d 559 (1968)
Estelle HARDY, Petitioner,
v.
AMERICAN SOUTHERN LIFE INSURANCE COMPANY, Respondent.
No. 36765.
Supreme Court of Florida.
May 15, 1968.
As Revised on Denial of Rehearing June 26, 1968.
James G. Mahorner, of White, Phipps, Linn, Furnell & Mahorner, Clearwater, and James T. Carlisle, Vero Beach, for petitioner.
Michael O'Haire, of Smith, Heath, Smith & O'Haire, Vero Beach, for respondent.
ERVIN, Justice.
Mrs. Estelle Hardy petitioned us for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, in the case of American Southern Life Insurance Company v. Hardy, 202 So.2d 98.
*560 It appears from the opinion of the District Court that Mrs. Hardy and her husband, Joseph B. Hardy, on March 1, 1962 jointly purchased a Buick automobile from Faircloth Buick Company of Tampa, Florida, under an installment contract. The purchase was made through the dealer's car salesman, Ramon Fanguiaire. At the time of the purchase, Mrs. Hardy's husband was a bedridden patient in a veterans' hospital suffering from terminal cancer. In connection with the purchase Mrs. Hardy authorized application for credit life insurance to insure payment of the balance due on installments under the purchase contract for the car. Pursuant to the application, Respondent American Southern Life Insurance Company issued its certificate of life insurance to Mrs. Hardy, the insured being her husband and the beneficiaries General Motors Acceptance Corporation and the estate of the husband. The policy provided coverage from March 1, 1962 through the next three years. The premium paid was $112.43. This condition was contained in the policy:
"THIS CERTIFICATE IS NULL AND VOID UNLESS THE INSURED IS BETWEEN THE AGES OF 18 AND 65 AND IN GOOD HEALTH ON THE EFFECTIVE DATE HEREOF."
The husband died of his affliction on May 8, 1962. It appears that in ensuing litigation to recover on the policy the Circuit Court directed a verdict in favor of Mrs. Hardy. On appeal from the judgment entered on the verdict, the District Court reversed, holding the "sound health" provision was a condition precedent to the policy becoming effective in the absence of waiver or estoppel. The District Court, in reaching its conclusion to reverse, said:
"* * * The insured was not in a condition of good health and the plaintiff knew it and discussed the question with the salesman. There is nothing to show that the insurance company knew that the insured was not in sound health. There was no physical examination of the insured by the insurance company. There is no showing of waiver or estoppel by the insured." (At page 99.) (Emphasis added.)
We agree with the dissenting opinion of Judge Cross in the District Court appeal. The majority opinion fails to take into consideration that Ramon Fanguiaire, the salesman, and his principal, the dealer, knew of Mr. Hardy's bedridden condition. Nevertheless, they accepted the application from Mrs. Hardy for the credit life insurance co-incident with the transaction for the purchase of the Buick despite their knowledge of Mr. Hardy's bad health condition. On its part, the insurance company also accepted the application, received payment of the premium and issued the policy. The insurance issued was of that genre of coverage which insures against risks involved in commercial transactions for installment purchases of automobiles where no physical examination of the insured is required.
Under the foregoing circumstances, it is obvious the decision of the District Court conflicts with our prior decision cited by Petitioner which holds that relevant knowledge of an insurer's agent of material facts concerning the health of the prospective insured is imputable to the insurer, viz., Johnson v. Life Insurance Company of Georgia (Fla. 1951), 52 So.2d 813. The District Court, although noting that Mrs. Hardy brought to the attention of the salesman Fanguiaire her husband's (the insured's) condition of unsound health and discussed the matter with him, did not apply to these facts the principle expressed in the cited case. In Johnson v. Life Insurance Company of Georgia, supra, we said in a factual situation very similar to the one in the instant case:
"No point is here made of the fact that the knowledge acquired by the agent as to the tubercular condition of the insured, might not have been communicated to the company, and properly so, *561 since under the circumstances here present the knowledge of the agent is imputable to his principal whether disclosed by him to it or not, and the company will be bound by such knowledge. See National Life & Accident Ins. Co., Inc., v. Tarvis et al., Tex.Civ.App., 128 S.W.2d 867; Poole v. Travelers Ins. Co., et al., 130 Fla. 806, 179 So. 138."
* * * * * *
"The acceptance and collection of the premiums with constructive notice of the facts here relied on as defense is certainly an `unequivocal act which recognizes the continued existence of the policy' and which is `wholly inconsistent with a forfeiture,' under the rule hereinabove stated. As stated in Bankers Life & Loan Ass'n of Dallas v. Ashford, Tex.Civ.App., 139 S.W.2d 858, 860, `Nothing could be more inconsistent with the forfeiture of an insurance policy than the acceptance and retention of the premiums paid by the insured for the full protection afforded by the policy which, it is admitted, the insured thought would be paid to the beneficiary under the policy after his death.' And, we agree that, in equity and good conscience, an insurance company should not be permitted to lull the assured into a false sense of security by accepting premiums after knowledge, either actual or constructive, of facts sufficient to avoid the policy, and then when the risk eventuates assert as a basis for escape from liability the existence of facts or conditions of which they were, or should have been, previously aware." (At 815.)
In addition to the foregoing quotation of authority, we note with approval the reasoning and authorities in the dissent of Judge Cross.
The decision of the District Court is quashed with direction that the judgment of the Circuit Court be reinstated except the attorneys' fees fixed by the Circuit Court which must be disallowed because the governing statutes expressly preclude attorneys' fees on judgments recovering on claims under credit life insurance. See F.S. Sections 627.01001(5) and 627.0127, F.S.A.
CALDWELL, C.J., and THOMAS, THORNAL and ADAMS, JJ., concur.