1074

## JOHN DEERE COMPANY v. Robert Lee ATKINSON AND Mabel ATKINSON, Administratrix

5-5941                                    482 S.W. 2d 115

### Opinion delivered July 10, 1972

*John C. Calhoun Jr.* and *Owens, McHaney & Mc-Haney,* for appellant.

*Felver A. Rowell Jr.,* for appellees.

FRANK HOLT, Justice. The appellant brought this action to collect from appellees the balance allegedly due on the purchase price of a combine machine. Appellant, also, sought possession of the combine for sale and application of the proceeds of the sale to any judgment on the alleged indebtedness. The appellees, by a counter claim, sought to off-set the indebtedness by invoking the terms of a credit life insurance policy issued to the debtor through appellant at the time of the purchase. The undisputed balance due on the purchase price is $9,654.31. The jury resolved the issues in favor of appellees' asserted counterclaim as a setoff, or the jury agreed with appellees' contention that the indebtedness was covered by the purchaser's credit life insurance policy issued by appellant. For reversal of that judgment the appellant contends the trial court erred in refusing to grant appellant's motion for a directed verdict upon its complaint; a similar motion

upon appellees' counter claim; and further that the verdict is contrary to the law and the evidence. Appellant consolidates its points for argument.

The appellant, the manufacturer of the combine machine, purchased from its local retail or selling dealer a secured note and contract of purchase signed by appellee, Robert Lee Atkinson, and secondly, his father, Virgil Atkinson. After the down payment and a subsequent annual payment was made, the father died. Appellees, Robert Lee Atkinson and Mrs. Mable Atkinson, the administratrix of Virgil Atkinson's estate, refused to pay the balance due on the note on the basis that the credit life insurance policy covered the indebtedness.

The insuring certificate (and contract of purchase) reads in pertinent part:

> "*Eligible Debtor:* When the note is signed by two or more persons, the eligible debtor shall be that person whose signature appears to the left or uppermost on the note except if both husband and wife are signers of the note, the husband shall be the eligible debtor. Where in the case of a corporation indebtedness, the officer who signs for for the corporation also signs a second time as a co-debtor, such officer shall be the eligible debtor."

Appellees presented evidence and make the argument that the real purchaser of the equipment was the deceased, Virgil Atkinson, and not Robert Lee Atkinson, the son, who was only a co-signer. According to the son, he was not physically present at the time the contract was orally negotiated; that his father conducted all the dealings in the purchase of the combine; and that he, Robert Lee Atkinson, and his father, Virgil Atkinson, signed one contract with his father signing it first; further, at a later time he signed some other papers. Appellees assert that since the deceased signed the note first that the deceased would be the eligible debtor according to the terms of the policy.

We cannot agree with appellees' interpretation of the language in the policy. There is no provision in the in-

surance policy relating to which debtor actually first signs the note or instrument. The pertinent provision proves that the eligible debtor in the case at bar is the one "whose signature appears to the left or uppermost on the note. . ." It is undisputed and the pertinent exhibit reflects that the signature of appellee-Robert Lee Atkinson appears on the note or instrument in the left uppermost part and above his father's signature. In this situation the contract provision is clear and unanbiguous; nor is there any allegation asserting misrepresentation, fraud, or mutual mistake that might justify or permit the reception of parol evidence to vary the terms of this unambiguous written language.

Since the balance allegedly due is undisputed, the judgment is reversed and the cause remanded with directions to render judgment for the appellant.

Reversed and remanded.