PER CURIAM.
Appellant, the named beneficiary of a life insurance policy, appeals a summary judgment in favor of insurer. The principles of the law applicable to summary judgments has been thoroughly explored by this court in Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). No useful purpose will be accomplished by repetition here. Rigid application of those principles is mandated by a recent opinion of the Supreme Court of Florida, Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.1977), wherein the writer of that opinion stated:
“A party moving for summary judgment must meet a twofold requirement:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits [in support or opposition, or both], if any, show [1] that there is no genuine issue as to any material fact and [2] that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). “In order to carry its burden as to the first of these requirements, the movant must show conclusively the absence of any genuine issue of material fact, Visingardi v. Tirone, supra [Fla., 193 So.2d 601]; Holl v. Talcott, supra [Fla., 191 So.2d 40]. The Holl court additionally stated that the burden on parties moving for summary judgment is greater than the burden which the plaintiff must carry at trial, because the movant must prove a negative — the nonexistence of a genuine issue of material fact. Id. at 43.
:{? # # * * #
“Mindful as we are of the presumption of correctness which attaches to an order of the trial court, nevertheless we must draw every possible inference in favor of the party against whom the motion is made. First Realty Corp. v. Standard Steel Treating Co., 268 So.2d 410, 413 (Fla. 4th DCA 1972). Accordingly, we find that respondent has not carried its burden of showing conclusively that there was no genuine issue as to any material fact. * * *”
Application of the foregoing principles to the case sub judice in the light of Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla.1951) and Hardy v. American Southern Life Ins. Co., 211 So.2d 559 (Fla.1968) requires reversal.
We only hold that the record as it existed at the time of entry of summary judgment here appealed was such as to render entry of that judgment improper. We do not determine nor even consider whether appellant will be ultimately entitled to recovery.
Reversed and remanded for further proceedings in accordance with the principles announced in the above cited cases.
McCORD, C. J., and BOYER and MILLS, JJ., concur.