362 So.2d 65 (1978)
JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, Appellant,
v.
Betty ROBERTS, As Executrix of the Estate of C.W. Roberts, Jr., Deceased and C.W. Roberts, III, Appellees.
SIERRA GENERAL LIFE INSURANCE COMPANY, Appellant,
v.
Betty ROBERTS, As Executrix of the Estate of C.W. Roberts, Jr., Deceased and C.W. Roberts, III, Appellees.
Nos. FF-89, GG-29.
District Court of Appeal of Florida, First District.
August 9, 1978.
Rehearing Denied September 27, 1978.
*66 F. Alan Cummings of Holland & Knight, Tallahassee, Jeffrey Bassett of Barron, Redding, Boggs & Hughes, Panama City, for appellants.
Samuel T. Adams and J. Ben Watkins of Watkins & Watkins, Apalachicola, for appellees.
ERVIN, Judge.
In these consolidated appeals, John Deere and Sierra General Life Insurance Co. appeal from summary final judgments entered in favor of the Roberts. The question before us is who is liable for payment of a front-end loader, the estate of C.W. Roberts, Jr., or John Deere's credit life insurer, Sierra?
John Deere brought an action against the estate of C.W. Roberts, Jr., seeking to replevin a front-end loader sold to the late Roberts under the terms of a retail installment contract. It alleged that the agreement was in default and no payments had been made to Deere since November 1, 1975. The Roberts, in their answer, denied that the agreement was in default and alleged that all payments due under the agreement were fully cancelled and satisfied upon the death of C.W. Roberts, Jr., on November 26, 1975. They also filed certain affirmative defenses and a counter-claim against Deere. Later, the Roberts filed a third party complaint against Sierra alleging that Sierra had wrongfully refused to honor the claim of the Roberts under the insurance commitment contained in the agreement. The court issued an order directing the Roberts to show cause why the claimed property should not be taken from their possession. During the hearing on the order to show cause, Allen Eugene Gunter, an employee of Beard Equipment Co., identified a copy of the security agreement and retail installment contract, and testified concerning its execution.
Following the hearing, Deere moved for permission to amend certain paragraphs of its complaint and to strike Gunter's testimony relating to rental of the loader as parol evidence which contradicted an unambiguous written instrument. The motions were denied. Later the court granted Roberts' motion for summary judgment against John Deere, denied Sierra's motion and deferred ruling on Roberts' motion against Sierra until additional evidence was adduced. The court's reasons for allowing summary judgment turned upon the provisions of Section 627.553, Florida Statutes (1975), and the pleadings and evidence before it. Later a stipulation was entered, signed by the attorneys for John Deere and Sierra, in which it was agreed that credit life insurance was payable by Sierra upon proof of the eligible debtor's death. Final judgments were entered against both John Deere and Sierra. We reverse.
Deere argues that the terms of the contract are clear and unambiguous and there is no necessity for parol evidence which varies or contradicts the contract's terms. On the face of the retail installment contract, the purchaser is identified as C. & G. Construction Company and the seller as Beard Equipment Company. Beneath the name of C. & G. Construction Company is that of Chuck Roberts. On the reverse side of the contract is a provision pertaining to group life insurance for eligible debtors. It provides in part:

*67 If a debtor whose signature is on the Note on the face hereof qualifies as an Eligible Debtor under the provisions below and if John Deere Company (John Deere Industrial Equipment Company) becomes the holder of the Note, life insurance protection under Group Credit Life Insurance Policy No. CL-001 issued by Sierra General Life Insurance Company, Reno, Nevada, will be provided in connection with the indebtedness under said Note on the life of such Eligible Debtor... .
ELIGIBLE DEBTOR ... When the Note is signed by only one debtor, such debtor is the Eligible Debtor. When the Note is signed by the two or more debtors, the Eligible Debtor shall be that debtor whose signature appears to the left or uppermost on the Note except if both husband and wife are signers of the Note, the husband shall be the Eligible Debtor. Where, in the case of a corporation indebtedness, the officer who signs for the corporation also signs a second time as a co-debtor, such officer shall be the Eligible Debtor. (e.s.)
The Roberts respond that the true identity of the contract debtor, C.W. Roberts, Jr., was admitted by Deere's pleadings and by the testimony of Deere's witness, Gunter, during the show cause hearing, which was received by the court without objection from Deere. They refer to the following allegations in Deere's complaint as being admissions:
2. On June 18, 1975, [The date, as reflected on the contract, was actually May 25, 1975.] C.W. ROBERTS, III, on behalf of C & G Construction Company, executed a Retail Installment Contract and Security Agreement (the "agreement") for the purchase of certain personal property described therein from Beard Equipment Company... .
3. By the terms of the agreement of C.W. ROBERTS, JR., d/b/a C & G Construction Company, was obligated to pay 35 monthly installments of $471.54 each for the purchase from Beard Equipment Company of the following described equipment (the "equipment"):
One (1) John Deere Loader; Model 644; Serial No. 94315.
During the show cause hearing, Gunter testified that he went to the office of C. & G. Construction Company on May 25, 1975, and discussed with Chuck Roberts, C.W. Roberts' son, the terms of the contract. Later, C.W. Roberts entered the office, instructed his son to sign the contract, saying, "`it's about time you started signing something.'" During cross-examination, Gunter testified without objection that in the latter part of 1974, C.W. Roberts first rented the loader from him for the sum of $2,100. All the terms of the rental contract were oral, and the rental agreement was later converted into a lease-purchase agreement.
The Roberts additionally argue that even if the true identity of the insured debtor had not been established by Deere's pleadings and by Gunter, the entity, C. & G. Construction Company, listed as the purchaser and debtor on the face of the contract, is ambiguous and therefore subject to clarification and identification by means of parol evidence. They also rely upon Hardy v. American Southern Life Insurance, 211 So.2d 559 (Fla. 1968), as supporting their position that the knowledge possessed by the principal's dealer of certain material facts relating to a contract of insurance is imputable to the insurer. Therefore Beard Equipment Company was agent of both Deere and Sierra, and the knowledge possessed by the dealer that the person who signed the contract was not the debtor is imputable to Deere and Sierra.
We reject Roberts' arguments. The admission made in Deere's complaint that C.W. Roberts, Jr. was obligated to pay 35 monthly installments, and the testimony of Beard's employee, Gunter, that C.W. Roberts, Jr. initially contracted to lease the loader were not relevant to the crucial question of which person was the eligible debtor and therefore entitled to credit life insurance. The question is not who is the party responsible for making the payments as required by the sales contract, it is rather *68 who is the individual eligible to receive credit life insurance. The contract clearly provides that when the note is signed by only one debtor, such debtor is the eligible debtor. Chuck Roberts was the only person who signed the contract on behalf of C. & G. Construction Company. The admission in Deere's complaint that C. & G. Construction Company was owned by C.W. Roberts, Jr., although this was a fact not known by Gunter at the time the contract was executed, makes no difference. Only Chuck Roberts, under the terms of the contract, was the person who was eligible for credit life insurance. The contract's terms were clear and unambiguous. In a case strikingly similar to this, John Deere Co. v. Atkinson, 482 S.W.2d 115 (Ark. 1972), the Arkansas Supreme Court concluded, after examining a provision in an installment contract providing for credit life insurance, that the eligible debtor was the person described in the contract: the person whose signature appeared at the left or uppermost on the note. Id. at 116.
Finally, Chuck Roberts is presumed to understand the contents of the contract he signed. On the face of the contract were the words: "Do not sign this contract before you read it... ." A party who signs his name to an instrument cannot deny its contents on the ground that he signed it without reading it unless he shows facts indicating circumstances which prevented his reading it. All Florida Surety Co. v. Coker, 88 So.2d 508 (Fla. 1956); Reliable Finance Co. v. Axon, 336 So.2d 1271 (Fla. 2d DCA 1976).
The Roberts' contention that the Beard Equipment dealer was in fact the agent of Sierra, and therefore the knowledge which the agent had as to the true contract debtor's identity is imputable to his principal, Sierra, is not well founded. Hardy v. American Southern Life Insurance, supra, offers no support to the Roberts' position. In Hardy, a couple, upon purchasing an automobile, authorized application for individual credit life insurance through a car salesman. The application was accepted and the husband was named as the insured. The policy provided for premium payments separate from the installment contract. The husband was, as known by the salesman, a bedridden patient suffering from terminal cancer, and, shortly after the sale, died from his affliction. The Fourth District Court of Appeal denied coverage based upon the "sound health" provision in the policy. The Supreme Court reversed, finding the car salesman and the dealer knew of the husband's bedridden condition but nevertheless accepted the application from the wife for the insurance. The insurance company was found to have constructive notice, through its agents, the salesman and dealer, and was therefore estopped from denying coverage.
The holding in Hardy is not applicable here for at least two reasons: First, we are not concerned with a forfeiture of the insurance policy as was the case in Hardy. Secondly, the credit life insurance was sold on an individual basis, separate from the retail installment contract. John Deere, on the other hand, contracted with Sierra for group coverage on all its debtors. Coverage begins automatically when Deere accepts assignment of the installment contract. No additional charge is made to the eligible debtor for the insurance. Under these circumstances, we cannot say the John Deere retail dealer is an agent for Sierra so that Sierra is imputed with the knowledge of the elder Roberts' status as company owner and real party in interest under the contract. Compare Couch v. Connecticut General Life Insurance Company, 216 So.2d 72 (Fla. 2d DCA 1968); Denton v. Connecticut General Life Ins. Co., 323 So.2d 17 (Fla. 1st DCA 1975); South Branch Valley National Bank v. Williams, 155 S.E.2d 845 (W. Va. 1967).
The Roberts also argue that Section 627.553 requires insurance as to creditor owned life insurance policies upon the creditors' debtors. Section 627.553 provides in part:
(1) The debtors eligible for insurance under the policy shall be all of the debtors of the creditor whose indebtedness is repayable in installments, or all of any *69 class or classes thereof determined by conditions pertaining to the indebtedness or to the purchase giving rise to the indebtedness.
* * * * * *
(2) ... A policy on which no part of the premium is to be derived from the collection of such identifiable charges must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer.
The court, in its order granting Roberts' motion for summary judgment, apparently reasoned that, since none of the premiums was derived from the collection of identifiable charges from the debtor, the statute required all who were obligated on the debt were eligible for credit life insurance. The lower court's interpretation of the statute is incorrect. Under paragraph (1), an eligible debtor is described as "all of any class or classes thereof determined by conditions pertaining to the indebtedness or to the purchases giving rise to the indebtedness... ." The contract therefore determines the conditions which apply to one who may become an eligible debtor. The condition provided in the retail installment contract that "the debtor whose signature is ... on the face hereof qualifies as an eligible debtor ..." is entirely consistent with the provisions of the statute.
The final judgments entered against John Deere and Sierra are reversed and judgments are entered in their favor against the Roberts.
SMITH, Acting C.J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
I would affirm the judgment below for the reasons stated by the eminent trial court, in pertinent part as follows:
"According to the provisions of Florida Statutes, Section 627.553, the debtors eligible for insurance under a group credit life insurance policy `shall be all of the debtors of the creditor whose indebtedness is repayable in installments'. Under that statute it is also noted that a policy on which no part of the premium is to be derived from the collection of identifiable charges from the debtor `... must insure all eligible debtors ...'.
It is the finding and conclusion of this Court under the pleadings and evidence that C.W. Roberts, Jr. was in fact the `eligible debtor' of John Deere Industrial Equipment Company. It is equally clear that C.W. Roberts, III was not the `eligible debtor', that he made no contract or agreement for purchase of the equipment in question, and in fact had no insurable interest in the property covered by such agreement.
Upon acceptance of the assignment to John Deere, the eligible debtor, C.W. Roberts, Jr., became entitled to the group life insurance provisions of the policy mentioned in the contract, as an integral part of the consideration and benefits flowing to him by virtue of his transaction and dealings with the dealer, Beard Equipment Company, and its assignee, John Deere.
The dealer who initiated this transaction had actual knowledge that the purchaser and `eligible debtor' was in fact C.W. Roberts, Jr. The Complaint alleges that C.W. Roberts, Jr. was the party obligated to pay the monthly purchase price installments, and John Deere thereafter received such payments until November 1, 1975. Under the circumstances presented by the facts in this case John Deere cannot now disclaim knowledge of the true identity of the `eligible debtor'. Neither John Deere nor its dealer, Beard Equipment Company, can by virtue of their own mistake or negligence in failing to have the eligible debtor sign the contract document in question now deprive the estate of C.W. Roberts, Jr., of the benefit of the entire contract.

Knowledge of the true identity of the `eligible debtor' is imputed to the Third-Party Defendant, Sierra General Life Insurance Company, assuming it is found to be the insurer under the group credit life *70 policy mentioned in the John Deere contract. It is noted that its status as insurer is denied by Sierra in its pleadings. Assuming the status of Sierra as the insurer under the group life policy is established, it will be the ruling of this Court that John Deere and Sierra cannot disclaim knowledge of the true identity of the debtor and thereby deprive his estate of the benefit of the insurance contract between themselves. To allow them to do so would be to sanction what would amount, in this Court's opinion, to a virtual constructive fraud." (e.s.)
The foregoing order is correct. I respectfully dissent from this Court's reversal.