ERVIN, Judge.
Appellant-credit life insurer appeals a final judgment finding it liable to appellee, the wife of the insured, for the face amount of its policy in the amount of $10,000. Among other things it argues that because the terms of the note and the policy were clear and unambiguous, its coverage had expired before the insured died. We agree and reverse.
The note, secured by the credit life insurance, was dated March 7, 1976, with a due date of September 7, 1976.[1] The provision in the note authorizing credit life insurance stated: “If the undersigned elects credit life insurance coverage, said insurance will be for the term of the credit initially extended by this loan beginning on the date of this loan and ending ... 180 days from this date.” The insurance was issued as of March 7, 1976 for a term of six months. The note remained unpaid as of October 3, 1976-the date of the husband’s death, at a time more than 180 days from the note and the policy’s issuance. When the insurer refused to pay the proceeds of the policy, appellee brought this action seeking their recovery. Prior to trial,[2] the court granted summary judgment on the issue of whether the date of March 7, 1976 was the effective date of the policy and found, even though the note and policy by their terms were to extend 180 days from that date, because the appellee’s husband did not execute the note or the credit life request until April 6, 1976,[3] the credit life policy was still in effect when he died on October 3, 1976.
In State Farm Mutual Automobile Insurance Company v. Veenschoten, 272 So.2d 201, 202 (Fla. 2d DCA 1973), the rule applicable to this problem was stated:
The law seems universal throughout the country that duration of an insurance policy, when fixed by clear and unambiguous language, will not be altered because some incident bearing upon the effectiveness of the policy, such as counter *1392 signing or a premium payment, occurs on a non-conforming date.
We do not agree with the appellee that the provision for credit life insurance on the face of the note was ambiguous in its statement that the term of insurance would begin “on the date of this loan and [end] 180 days from this date.” (e.s.) The latter three words could only mean the date of the note. No dates other than March 7, 1976 and the due date, September 7,1976, appear on the note. It is irrelevant to a consideration of the problem that the parties at the time of execution backdated the note to March 7, 1976, a date which coincided with the expiration of the prior note. The parties must be considered bound by the plain and unambiguous language of their contracts. Compare John Deere Industria] Equipment Company v. Roberts, 362 So.2d 65 (Fla. 1st DCA 1978).
Other issues raised by the parties are moot in light of this holding.
Reversed with directions that judgment be entered for appellant.
LARRY G. SMITH and SHIVERS, JJ., concur.

. This was a renewal note of a prior note beginning March 7, 1975, and expiring March 7, 1976.

. The only remaining issue to be tried by jury was whether the insurer was estopped from asserting the disability of its insured.

.Although the final renewal note does not reflect a date of execution, the defendant, in response to a motion to admit, conceded the note was in fact executed on April 6, 1976.