## 62459. PARRAMORE FARMS, INC. v. JOHN DEERE COMPANY et al.

DEEN, Presiding Judge.

1. The construction of a plain and unambiguous contract provision is a question of law for the court. Code § 20-701; *Binswanger Glass Co. v. Beers Const. Co.,* 141 Ga. App. 715 (234 SE2d 363) (1977).

2. Where as here a purchase contract provides that under certain circumstances the death of "the eligible debtor" results in payment of life insurance sufficient to cancel the debt owing on the balance of the installment contract, a determination of whether the contingency has occurred is a question of fact which, when shown by uncontroverted evidence to have occurred, will support the grant of

summary judgment.

3. The term "the Eligible Debtor," as defined in this contract means a signer or cosigner of the purchase contract under 66 years of age. If signed by two or more individuals the one whose signature appears to the left and uppermost on the contract is the eligible debtor. If the purchaser is a corporation there is no "Eligible Debtor" unless the officer signing for the corporation also signs as an individually liable co-debtor.

The contract involved here was signed Parramore Farms, Inc. On the following line the signature of E. W. Parramore appears on the left and that of M. N. Parramore on the right. The contract was first refused as not binding on the corporation, since it did not show the signature capacity of any authorized officer. It was then re-signed under the corporate name and over the left-hand personal signature of E. W. Parramore by the addition of the signature "E. W. Parramore, V. Pres." immediately under the words "Parramore Farms, Inc.," leaving below the personal signatures of E. W. Parramore on the left and M. N. Parramore on the right. Both men were under the age of 66. M. N. Parramore unexpectedly died. The corporation and E. W. Parramore then claimed that a jury question existed as to whether the decedent was the "Eligible Debtor." Under the undisputed evidence, E. W. Parramore signed in both individual and corporate capacities, and his signature appears to the left of the decedent's. We find no ambiguity, and hold that the grant of summary judgment to the appellees was proper. See to the same effect John Deere Co. v. Atkinson (Ark.) 482 SW2d 115 (1972).

4. It is further contended that regardless of the contract construction its provisions violate Code § 56-2701 (2) (b) relating to debtor groups and requiring that where a policy is issued to a creditor to insure the debtors, where paid for by one other than the debtor, it "must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer." This contention would have validity only if there were more than one *eligible debtor* as defined in the contract, which we have held not to be the case. Moreover, the statutory provision refers to "debtor groups" and is for the purpose of avoiding discrimination between the members of such a group. Failure to meet this restriction results in prohibition against delivery of the policy in this state. The contract in question is between Sierra General Ins. Co., a Nevada corporation with no place of business or authorization to transact business in Georgia, and John Deere Company, a foreign corporation which does transact business in the county of venue. It was paid for entirely by the latter. The policy was issued and delivered in Nevada. It is not violative of the public policy of this state or of the quoted statutory

provision.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 1, 1981.

*R. Bruce Warren,* for appellant.
*Dow N. Kirkpatrick II, Earle B. May, Jr.,* for appellees.

*Judgment affirmed. Banke and Carley, JJ., concur.*