472 So.2d 746 (1985)
Rosann CUNNINGHAM, et al., Appellants,
v.
Madhu PARIKH, M.D., Appellee.
No. 83-763.
District Court of Appeal of Florida, Fifth District.
February 7, 1985.
Rehearing Denied April 17, 1985.
Nolan Carter, Orlando, for appellants.
James W. Smith of Smith, Schoder, Rouse & Will, P.A., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Rosann Cunningham and her husband appeal from a judgment in a medical malpractice action entered in favor of Dr. Madhu Parikh. The sole question we address on appeal is whether the Florida Medical Consent statute is constitutional.
The record reflects that Mrs. Cunningham signed a release which authorized surgery and recited that the necessary procedures and the risks and consequences had been explained to her by Dr. Parikh and that there had been no guarantees or assurances as to the results of the proposed surgery. The release did not specifically describe the procedures or the possible risks. After complications from the surgery arose, the Cunninghams filed suit against Dr. Parikh, claiming negligence and lack of informed consent. The main issue of fact at trial was whether Dr. Parikh had fairly and adequately explained to Mrs. Cunningham (a) the proposed treatment and procedure, (b) all medically acceptable alternatives to the proposed treatment and procedure, and (c) the substantial risks and hazards inherent in the proposed treatment or procedure.
Dr. Parikh's defense was based on the Florida Medical Consent Law, section 768.46, Florida Statutes (1983) which provides in part as follows:
(3) No recovery shall be allowed in any court in this state against any physician licensed under chapter 458, osteopath licensed under chapter 459, chiropractor licensed under chapter 460, podiatrist licensed under chapter 461, or *747 dentist licensed under chapter 466 in an action brought for treating, examining, or operating on a patient without his informed consent when:
(a) 1. The action of the physician, osteopath, chiropractor, podiatrist, or dentist in obtaining the consent of the patient or another person authorized to give consent for the patient was in accordance with an accepted standard of medical practice among members of the medical profession with similar training and experience in the same or similar medical community; and
2. A reasonable individual, from the information provided by the physician, osteopath, chiropractor, podiatrist, or dentist, under the circumstances, would have a general understanding of the procedure, the medically acceptable alternative procedures or treatments, and the substantial risks and hazards inherent in the proposed treatment or procedures, which are recognized among other physicians, osteopaths, chiropractors, podiatrists, or dentists in the same or similar community who perform similar treatments or procedures; or
(b) The patient would reasonably, under all the surrounding circumstances, have undergone such treatment or procedure had he been advised by the physician, osteopath, chiropractor, podiatrist, or dentist in accordance with the provisions of paragraph (a).
(4)(a) A consent which is evidenced in writing and meets the requirements of subsection (3) shall, if validly signed by the patient or another authorized person, be conclusively presumed to be a valid consent. This presumption may be rebutted if there was a fraudulent misrepresentation of a material fact in obtaining the signature. (emphasis added)
(b) A valid signature is one which is given by a person who under all the surrounding circumstances is mentally and physically competent to give consent.
The Cunninghams contend that this statute, upon which a jury instruction was based, is unconstitutional on its face and as applied in that, among other things, it denies them due process of law.
In Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976), the Florida Supreme Court held that the test for the constitutionality of statutory presumptions is twofold. First, there must be a rational connection between the fact proved and the ultimate fact presumed. Second, there must be a right to rebut in a fair manner. 326 So.2d at 424. According to the Cunninghams, the only fact proved is that Mrs. Cunningham signed a general consent form. The Cunninghams argue that this bears no rational relationship to the fact conclusively presumed, that is, that Dr. Parikh used reasonable care in obtaining the informed consent from Mrs. Cunningham.
Even assuming that the fact presumed bears a rational relationship to the fact proved, the Cunninghams argue that the statute fails the second prong of the constitutional test, that is, they claim that Mrs. Cunningham has no fair manner in which to rebut the presumption. The Cunninghams argue that, unless the patient can establish fraud, there is simply no cause of action based on a lack of informed consent once he or she signs the consent form.
The statute fails to meet the test set out in Straughn. Subsection (4)(a) requires the consent to be in writing and to meet the requirements of subsection (3), since it goes on to say that if validly signed by the patient, the consent shall be conclusively presumed to be a valid consent. This presumption may be rebutted only if there was a fraudulent misrepresentation of a material fact in obtaining the patient's signature. The plaintiff cannot prove that the action of the physician was not in compliance with subsection (3) since the statute raises a conclusive presumption that the written consent is valid in the absence of fraud. Accordingly, the conclusive presumption in section 768.46(4)(a), Florida Statutes, is unconstitutional.
*748 The unconstitutionality of this presumption is not eliminated or relieved by the statutory provision permitting a rebuttal when the patient's signature is obtained by a fraudulent misrepresentation of a material fact. The physician's duty to timely and adequately inform the patient is an affirmative duty requiring an affirmative act. Thus this duty can be breached by a mere non-action, omission or nonfeasance. A breach of this duty does not require an affirmative act or misfeasance or malfeasance, such as the making of an affirmative misrepresentation of a material fact by the physician. The statutorily presumed fact is that the physician timely and adequately performed his affirmative duty to properly advise the patient. Therefore, the provision permitting the patient to rebut the statutory presumption only by showing that the patient's consent was obtained by a fraudulent misrepresentation of a material fact is neither logically nor legally adequate to meet, refute, or rebut the statutorily "conclusive" presumption that the physician did timely and adequately perform his affirmative duty to properly advise the patient.
In this particular instance, the trial court permitted the Cunninghams to present evidence concerning Dr. Parikh's alleged failure to adequately inform Mrs. Cunningham about the risks associated with the surgery. Perhaps the jury would have concluded that Mrs. Cunningham received adequate information and the consent was valid. However, the jury was instructed:
A consent which is evidence (sic) in writing, if signed by a person [who] under all these circumstances is mentally and physically competent to give consent shall be conclusively presumably (sic) to be a valid consent. (emphasis added)
Under these instructions, the jury was duty bound to find that the consent was valid if evidenced in writing, if signed by Mrs. Cunningham and if Mrs. Cunningham were mentally and physically competent to give consent regardless of the sufficiency of the information given to her by Dr. Parikh. Since it creates a conclusive presumption and deprives the opposing party of the right to rebut the presumption in a fair manner, the medical consent law denies due process of law. Cf. Goldstein v. Maloney, 62 Fla. 198, 57 So. 342 (1911) (Prima facie presumption does not deny due process of law where the presumption is a natural or reasonable inference from the facts proved and the opposite party is not deprived of the right to rebut the presumption in a fair manner).
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.