493 So.2d 999 (1986)
Madhu PARIKH, M.D., Appellant,
v.
Rosann CUNNINGHAM, et Ux., Appellees.
No. 67033.
Supreme Court of Florida.
July 10, 1986.
Rehearing Denied September 17, 1986.
James W. Smith of Smith, Schoder, Rouse & Will, P.A., Daytona Beach, for appellant.
Nolan Carter of Law Offices of Nolan Carter, P.A., Orlando, for appellees.
John E. Thrasher, Gen. Counsel and Donald W. Weidner, Associate Gen. Counsel, William A. Bell and Frederick B. Karl and Gordon D. Cherr of Karl, McConnaughhay, Roland & Maida, Tallahassee, for Florida Medical Ass'n, Inc. and Florida Hosp. Ass'n, Inc., amicus curiae.
ADKINS, Justice.
We have for review Cunningham v. Parikh, 472 So.2d 746 (Fla. 5th DCA 1985), in which the district court declared unconstitutional Florida's Medical Consent statute, section 768.46, Florida Statutes (1983). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We reverse as to the finding of unconstitutionality but agree that the erroneous jury instruction given in the case requires us to remand for a new trial.
After suffering complications from surgery performed by appellant, Dr. Parikh, appellee Rosann Cunningham and her husband sued the doctor on theories of negligence and lack of informed consent. In resolving the claim based on the latter theory, the main questions of fact before the jury involved whether the doctor had adequately explained to Ms. Cunningham a) the proposed treatment or procedure, b) any medically acceptable alternatives to the proposed treatment or procedure, and c) the substantial risks and hazards inherent in the proposed treatment or procedure. § 768.46(3)(a)(2), Fla. Stat. (1983). In order to place these elements in perspective, it may be helpful to set out the relevant statutory scheme.
768.46 Florida Medical Consent Law. 
(1) This section shall be known and cited as the "Florida Medical Consent Law."
(2) In any medical treatment activity not covered by s. 768.13, entitled the "Good Samaritan Act," this act shall govern.

*1000 (3) No recovery shall be allowed in any court in this state against any physician licensed under chapter 458, osteopath licensed under chapter 459, chiropractor licensed under chapter 460, podiatrist licensed under chapter 461, or dentist licensed under chapter 466 in an action brought for treating, examining, or operating on a patient without his informed consent when:
(a) 1. The action of the physician, osteopath, chiropractor, podiatrist, or dentist in obtaining the consent of the patient or another person authorized to give consent for the patient was in accordance with an accepted standard of medical practice among members of the medical profession with similar training and experience in the same or similar medical community; and
2. A reasonable individual, from the information provided by the physician, osteopath, chiropractor, podiatrist, or dentist, under the circumstances, would have a general understanding of the procedure, the medically acceptable alternative procedures or treatments, and the substantial risks and hazards inherent in the proposed treatment or procedures, which are recognized among other physicians, osteopaths, chiropractors, podiatrists, or dentists in the same or similar community who perform similar treatments or procedures; or
(b) The patient would reasonably, under all the surrounding circumstances, have undergone such treatment or procedure had he been advised by the physician, osteopath, chiropractor, podiatrist, or dentist in accordance with the provisions of paragraph (a).
(4)(a) A consent which is evidenced in writing and meets the requirements of subsection (3) shall, if validly signed by the patient or another authorized person, be conclusively presumed to be a valid consent. This presumption may be rebutted if there was a fraudulent misrepresentation of a material fact in obtaining the signature.
(b) A valid signature is one which is given by a person who under all the surrounding circumstances is mentally and physically competent to give consent.
Prior to the surgery, Ms. Cunningham signed a release which authorized the treatment, recited that the necessary procedures and the risks and consequences thereof had been explained to her by Dr. Parikh, and indicated that no guarantees or assurances had been made as to the results of this surgery. The trial court's instruction reflecting Florida's law of informed consent was given as follows:
Now, the first issue for your determination on the claim of Rosann Cunningham and Ronald Cunningham is whether Dr. Parikh failed to obtain the informed consent of Rosann Cunningham to the surgery procedures complained of, and if so, whether such negligence was a legal cause of injury or damage sustained by Rosann Cunningham and Ronald Cunningham.
Now, reasonable care on the part of a physician in obtaining the informed consent for treatment of a patient consists of providing the patient information sufficient to give a reasonable person a general understanding of the proposed procedure of any medical acceptable alternative treatment or procedure and the substantial risks and hazards inherent to the procedure which are recognized by other physicians in the same or similar community who performed similar procedures.
A consent which is evidenced in writing, if signed by a person under all these circumstances is mentally and physically competent to give consent shall be conclusively presumably (sic) to be a valid consent.
The jury returned a special verdict finding for Dr. Parikh on both the informed consent and negligence claims. The Cunninghams appealed to the Fifth District, arguing that the conclusive presumption of valid consent in section (4)(a) violated due process and rendered the statute unconstitutional.
The court of appeal agreed, holding that the statutory presumption failed the twin *1001 tests of validity set out in Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976). In Straughn, we held that "[t]he test for the constitutionality of statutory presumptions is twofold. First, there must be a rational connection between the fact proved and the ultimate fact presumed. Second, there must be a right to rebut in a fair manner." Id. at 424 (citations omitted).
The Fifth District found no rational relationship between the fact proved (Ms. Cunningham's signature on the consent form) and the ultimate fact presumed (that Dr. Parikh had exercised reasonable care in obtaining Ms. Cunningham's informed consent). The mere existence of the signed consent form, the court reasoned, unfairly barred the plaintiff from establishing a physician's possible dereliction in obtaining a valid and truly informed consent. Second, the court found insufficient the provision permitting rebuttal only by establishing fraudulent misrepresentation of a material fact. Because the physician's duty to adequately inform the patient is an affirmative one, the duty can be breached by mere nonaction, omission or nonfeasance. The statutory provision allowing rebuttal of the presumption only upon a showing of an affirmative act or malfeasance was therefore found inadequate for purposes of due process.
We find that the district court reached an erroneous conclusion by misreading a crucial element of the statutory presumption. Section (4)(a) provides that "[a] consent which is evidenced in writing and meets the requirements of subsection (3)" (emphasis supplied) shall be conclusively presumed to be a valid consent. The district court's reading of the presumption, in effect, completely ignored the requisite showing of the substantive elements of an informed consent claim as set forth in subsection (3). The plain language of the statute, we believe, requires us to approve those decisions in which courts have held that "the consent must, inter alia, `meet the requirements of subsection (3)' before it is accorded presumptive validity ... [s]imply stated, no presumption of a valid consent will arise unless the consent is an informed consent." Valcin v. Public Health Trust, 473 So.2d 1297, 1302 (Fla. 3d DCA 1984), citing Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981). See also Gassman v. United States, 589 F. Supp. 1534 (M.D.Fla. 1984), aff'd, 768 F.2d 1263 (11th Cir.1985); Probert, Problems of Medical Malpractice, 28 U.Fla.L.Rev. 56, 65 (1975).
Read in this light, the statutory presumption easily passes constitutional muster under the Straughn test. First, once the elements of an informed consent and a written consent are established, the fact "presumed"  the existence of valid consent  flows quite rationally from the facts established. Second, once the elements of a valid consent are established they may be properly rebutted only by a showing of fraud.
As appellant correctly points out, if the Fifth District's interpretation was correct the trial court could have directed a verdict for the doctor upon introduction into evidence of the signed consent form. The district court's opinion reflects some confusion on this point. While first noting that "[t]he main issue of fact at trial was whether Dr. Parikh had fairly and adequately explained to Mrs. Cunningham" the procedure, possible alternatives, and the substantial risks involved, 472 So.2d at 746, the court applied the Straughn analysis by noting that "the only fact proved is that Mrs. Cunningham signed a general consent form." Id. at 747.
The Fifth District's misinterpretation of the provision reflects the potential problem with the use of the phrase "conclusive presumption" in reference to the ultimate question in issue. While we find the statute to merely codify the common law elements of informed consent, see Valcin, 473 So.2d at 1302-03, we agree that the statute as read by the district court would be unconstitutional. It is crucial, therefore, that trial courts make clear to the trier of fact that the presumption becomes relevant only upon a jury finding that a *1002 valid informed consent has been obtained. Trial courts must exercise great caution in ensuring that the jury understands that the presumption may only follow, and not replace, a finding as to the questions in issue. As noted in Morganstine v. Rosomoff, 407 So.2d 941, 944 (Fla. 3d DCA 1981), "[t]he provisions of section 768.46, virtually incomprehensible even as a whole, become even more misleading when read in piecemeal fashion, as done in this case."
We must therefore remand for a new trial in this case. The trial court below deleted that essential element of the jury instructions requiring a positive finding of fact as to the elements of subsection (3) prior to applying the presumption. Because the jury's verdict may have been based on a misleading instruction suggesting that "a written consent is a valid consent," we must remand for a new trial on the issue.
We therefore reverse the district court's holding as to the unconstitutionality of the statute and affirm that portion of the opinion remanding for a new trial on the issue of informed consent only.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.