509 So.2d 366 (1987)
SUNSET COMMERCIAL BANK, Appellant,
v.
FLORIDA DEPARTMENT OF INSURANCE, Appellee.
No. BN-73.
District Court of Appeal of Florida, First District.
June 17, 1987.
Rehearing Denied July 30, 1987.
Carlos Alvarez, of Hopping, Boyd, Green & Sams, Tallahassee, for appellant.
Chester G. Senf, Tallahassee, for appellee.
WENTWORTH, Judge.
Sunset Commercial Bank appeals an order denying its motion for a refund of withdrawn funds, and directing it to transfer the balance of certain deposit accounts to the Department of Insurance. We find that Sunset Commercial Bank's offset claim under section 631.281, Florida Statutes, should have been allowed, and we reverse the order appealed.
In 1983 Sunset Commercial Bank issued a $400,000 irrevocable letter of credit in return for which the obligor executed a $400,000 promissory note. The note provided for an offset of deposit accounts against the outstanding obligation in the event of a default. The obligor, a domestic insurer, subsequently became insolvent and the Department of Insurance was appointed as receiver. Although the appointment was initially made for the purpose of rehabilitation, upon the obligor's concession of insolvency the appointment was made for liquidation. At the time of the initial appointment the obligor maintained deposit accounts with Sunset Commercial Bank containing in excess of $400,000. Pursuant to its powers under Chapter 631, Florida Statutes, the Department, as receiver for the obligor, made withdrawals which reduced the deposit accounts to a total amount of less than $100,000. Sunset Commercial Bank then declined to allow further withdrawals, asserting entitlement to an offset through the provisions of the promissory note.
The Department of Insurance sought an order directing the transfer of all remaining funds which had been held in the contested deposit accounts. Sunset Commercial Bank thereafter interposed an offset claim and filed a motion to compel the *367 Department of Insurance to refund the amounts which had been withdrawn from the obligor's deposit accounts. The court denied this motion and directed payment of any funds remaining in the obligor's accounts to the Department of Insurance as receiver. Sunset Commercial Bank predicates its challenge to this order upon the contention that it has a self-executing right to offset by application of section 631.281, Florida Statutes.
Chapter 631, Florida Statutes, the Insurers Rehabilitation and Liquidation Act, is intended to effect an equitable apportionment of any unavoidable loss due to insurer insolvency. See section 631.001(4)(d), Florida Statutes. Creditor's rights are generally fixed under the act as of the date of the order directing liquidation. See section 631.251, Florida Statutes. Upon being appointed as receiver in the present case, the Department of Insurance was entitled to possession of, and became vested with title to, the deposit accounts held by Sunset Commercial Bank for the obligor. See sections 631.141(1) and (2), Florida Statutes. At the time of the Department's appointment as receiver and the order of liquidation these deposit accounts were subject to a potential contractual claim upon the promissory note. Sunset Commercial Bank did not assert such a claim until after the order of liquidation, at which time section 631.181, Florida Statutes, requires the filing of claims in the receivership court. While the act contains a statutory offset provision for mutual debts or credits, see section 631.281, Florida Statutes, neither this enactment nor section 631.281 contains any exemption from filing requirements for offset claims. As indicated in Mall Bank v. State ex rel. Department of Insurance, 462 So.2d 519 (Fla. 1st DCA 1985), the statutory scheme contemplates that all claims against an entity in receivership be filed with the receiver and determined by the receivership court.
Although Sunset Commercial Bank was thus not entitled to a self-executing offset, upon presentment of its claim to the receivership court the offset should have been allowed as a specie of preference before the general distribution of claims classified under section 631.271, Florida Statutes. The application of section 631.281 in this manner was recently approved by this court in Barnett Bank of Jacksonville v. State of Florida ex rel. Department of Insurance, 507 So.2d 142 (Fla. 1st DCA 1987), and we adhere to this construction of the statute. We therefore conclude that the court below erred by declining to give effect to the claimed offset which Sunset Commercial Bank asserted pursuant to section 631.281, Florida Statutes.
The order appealed is reversed and the cause remanded.
WIGGINTON and NIMMONS, JJ., concur.