530 So.2d 967 (1988)
Mary WHITE and Denny White, Appellants,
v.
ALLSTATE INSURANCE CO., Appellee.
No. 87-1875.
District Court of Appeal of Florida, First District.
August 8, 1988.
Rehearing Denied October 7, 1988.
*968 Richard M. Powers of Richard M. Powers, P.A., Tallahassee, for appellants.
Linda McMullen of McFarlain, Sternstein, Wiley & Cassedy, P.A., Tallahassee, and Peter J. Valeta of Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for appellee.
THOMPSON, Judge.
Mary and Denny White, the plaintiffs below, appeal a final summary judgment entered in favor of Allstate Insurance Company. We affirm.
Section 627.727 requires that all automobile insurance policies issued on Florida vehicles must include uninsured motorist (UM) coverage unless such coverage is rejected in writing by the insured. By 1984 amendment, an insured who either rejects UM coverage completely, or who elects to purchase UM coverage in an amount less than his bodily injury liability limits, must do so on a form approved by the insurance commission. The statute further requires that:
The form shall fully advise the applicant of the nature of the coverage and shall state that the coverage is equal to bodily injury liability limits unless lower limits are requested or the coverage is rejected. The heading of the form shall be in 12-point bold type and shall state: "You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury liability limits when you sign this form. Please read carefully." If this form is signed by a named insured, it will be conclusively presumed that there was an informed, knowing rejection of coverage or election of lower limits.
Section 627.727(1), Fla. Stat. (1984).
The Whites contend: (1) the conclusive presumption contained in § 627.727, Fla. Stat. (1984) is a rebuttable presumption; (2) notwithstanding the presumption, the question of whether the rejection of uninsured motorist coverage shown on Allstate's uninsured motorist form was an informed knowing rejection is a question for the trier of fact; and (3) a conclusive presumption is unconstitutional per se.
It is uncontroverted that the rejection or selection of UM coverage form used by Allstate was the form approved by the insurance commissioner and that it met all of the requirements of § 627.727. The form was unequivocal, unmistakable and plainly worded. As required by the statute it had a heading in 12-point bold type stating "YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORISTS LIMITS LESS THAN YOUR BODILY INJURY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY." (Emphasis added.) It is uncontroverted that Mary White signed the form rejecting UM coverage.
*969 The presumption created by § 627.727 cannot be rebutted by testimony that the person signing the rejection form did not read it. The consequences of signing any document or contract cannot be avoided by merely testifying that the document or contract was not read, and this is particularly true of the document in question which contained a warning and notice in large type that it should be read carefully.
In Bankers Ins. Co. v. Vasquez (Vasquez I), 483 So.2d 440 (Fla. 4th DCA 1985), a UM coverage rejection case involving § 627.727 prior to the 1984 amendment, the Fourth District Court of Appeal reversed the trial court and concluded that the defendant insurance company's motion for directed verdict should have been granted saying:
Common sense dictates that the best and most common method of preventing a contracting party from excusing herself from being bound by claiming she did not know that she was rejecting UM coverage is to have her sign a clearly worded statement that she did reject it. It is axiomatic that absent unusual circumstances, not present under the facts of the case now before us, one cannot claim ignorance of the contents of a written instrument which one signs. Stonebraker v. Reliance Life Ins. Co. of Pittsburg, 123 Fla. 244, 166 So. 583 (1936) and John Deere Industrial Equipment Co. v. Roberts, 362 So.2d 65 (Fla. 1st DCA 1978).
Id. at 442.
The Fourth District certified to the supreme court the following question:
DOES A SECOND SIGNATURE ON AN INSURANCE APPLICATION AFFIXED BELOW A SEPARATE PARAGRAPH REJECTING UM COVERAGE WRITTEN IN BOLD PRINT AND IN PLAIN AND UNAMBIGUOUS LANGUAGE, CONCLUSIVELY DEMONSTRATE A KNOWING REJECTION ABSENT EXTRAORDINARY CIRCUMSTANCES NOT DEEMED TO BE PRESENT IN THE CASE AT BAR?
Id. at 443.
In Vasquez v. Bankers Ins. Co. (Vasquez II), 502 So.2d 894 (Fla. 1987), the supreme court answered the certified question in the affirmative and approved the decision of the Fourth District saying:
In this case, there was no evidence supporting petitioner's contention that the Moores did not knowingly and voluntarily reject uninsured motorist coverage. Here the insurer did everything possible to notify persons making application for motor vehicle insurance of the consequences of rejecting uninsured motorist coverage. The application, which is published in full in the district court's opinion at 483 So.2d 441-42, specifically provided in paragraph five that uninsured motorist coverage must be included unless a rejection is signed below. Below that, in paragraph eight, the above quoted language explained the consequences of rejecting uninsured motorist coverage. Mrs. Moore's signing of this unequivocal, unmistakable and plainly worded paragraph clearly establishes a knowing and willing rejection of uninsured motorist coverage. Mrs. Moore's failure to take the time to read and understand what she was signing is not an extraordinary circumstance justifying submission to the jury the issue of whether her rejection was knowing and voluntary. There was no evidence presented indicating that she was tricked or forced into signing this paragraph against her will. Absent any evidence establishing that the Moores did not knowingly and voluntarily sign the rejection form, the trial court erred in not granting the motion for directed verdict.
Id. at 896. (Emphasis added.)
Although it purports to be an absolute conclusive presumption, § 627.727 is not unconstitutional per se. If the statute was held to prevent the pleading and introduction of evidence of extraordinary circumstances such as a forgery, fraud, or trickery in obtaining the signature, it could be unconstitutional in its application. In interpreting § 768.46, Fla. Stat., the Florida Medical Consent Law, at a time the law provided that a consent meeting its requirements would be conclusively presumed to *970 be a valid consent, the supreme court in Parikh v. Cunningham, 493 So.2d 999 (Fla. 1986) held that conclusive presumption law valid saying:
We find that the district court reached an erroneous conclusion by misreading a crucial element of the statutory presumption. Section (4)(a) provides that "[a] consent which is evidenced in writing and meets the requirements of subsection (3)" (emphasis supplied by court) shall be conclusively presumed to be a valid consent. The district court's reading of the presumption, in effect, completely ignored the requisite showing of the substantive elements of an informed consent claim as set forth in subsection (3). The plain language of the statute, we believe, requires us to approve those decisions in which courts have held that "the consent must, inter alia, `meet the requirements of subsection (3)' before it is accorded presumptive validity ... [s]imply stated, no presumption of a valid consent will arise unless the consent is an informed consent." (citations omitted).
Read in this light, the statutory presumption easily passes constitutional muster under the Straughn [v. K & K Management, Inc., 326 So.2d 421 (Fla. 1976)] test. First, once the elements of an informed consent and a written consent are established, the fact "presumed"  the existence of valid consent  flows quite rationally from the facts established. Second, once the elements of a valid consent are established they may be properly rebutted only by a showing of fraud.
Id. at 1001. In the instant case there was no evidence of fraud, forgery, or other extraordinary circumstances. The conclusive presumption of § 627.727 meets the constitutional test set forth in Parikh.
The Whites contend that the question of whether their rejection of UM coverage on Allstate's UM coverage form was an informed knowing rejection is a question for the trier of fact. This contention is without merit. In Vasquez II, which involved circumstances similar to the instant case, the supreme court rejected the same contention.
AFFIRMED.
NIMMONS and BARFIELD, JJ., concur.