238 So.2d 673 (1970)
NATIONAL UNION INDEMNITY COMPANY, a Pennsylvania Corporation, Appellant,
v.
Turner HODGES, Appellee.
No. 69-752.
District Court of Appeal of Florida, Third District.
June 30, 1970.
Rehearing Denied August 5, 1970.
*674 Stephens, Demos, Magill & Thornton, Miami, for appellant.
Welsh & Carroll, Horton & Schwartz, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
The appellant, National Union Indemnity Company, brings for review a final judgment entered after a non-jury trial for the defendant-counterplaintiff appellee, Turner Hodges. The complaint sought a declaration that appellant was not liable to appellee, its policyholder, for uninsured motorist coverage. The counterclaim sought confirmation of an arbitration award for damages suffered from the negligence of an uninsured motorist. The final judgment determined that coverage did exist and confirmed the award. We reverse upon a holding that the policy validly excluded from coverage protection against uninsured motorists for bodily injury to an insured while the insured was "occupying an automobile (other than an insured automobile) owned by the named insured * *."
The appellee, a cement finisher, applied for and was issued a policy which included uninsured motorist coverage. When he applied for the policy the appellee owned two motor vehicles: a Buick passenger car and a Chevrolet El Camino. The latter vehicle has a passenger type cab and a pick-up truck type rear area. The appellee used the Camino in his work as a cement finisher. In applying for the insurance, appellee did not list the Camino. The policy was issued listing a single owned automobile: the Buick. The face of the policy contained a premium schedule which showed in part *675 "Premiums * * * 6.00 All `owned automobiles' * * * 128.00 Total Premium." The $6.00 premium was rated on a "per individual" basis. The uninsured motorist endorsement contained an exclusion. It provided that uninsured motorists coverage does not apply:
"* * * to bodily injury to an insured while occupying an automobile (other that an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile * * *."
While driving the Camino the appellee was injured in a collision with a negligent uninsured motorist.
It is probable that the trial judge based his finding that the exclusion was not effective upon the holdings of several of the appellate courts, including this court, that various policy provisions which purport to restrict uninsured motorist coverage are against the public policy of the state as established in the statute. See Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689; Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244; Butts v. State Farm Mutual Automobile Ins. Co., Fla.App. 1968, 207 So.2d 73.
The exact exclusion sought to be applied here has been held valid. See United States Fidelity & Guaranty Company v. Webb, Fla.App. 1966, 191 So.2d 869, cited with approval in Morrison Assurance Company, Inc. v. Polak, Fla. 1969, 230 So.2d 6 (see Liberty Mutual Fire Insurance Company v. Kessler, Fla.App. 1970, 232 So.2d 213). We think therefore that we need not further discuss this possible ground for the judgment under review.
Appellee urges two other legal bases for the judgment. In the first, appellee argues that the Camino is not an automobile under the policy definitions and therefore was not excluded. Appellee urges that since the Camino is a hybrid passenger-truck vehicle, it ought to be held to be a truck, not an automobile. There is no definition of the term "automobile' in the policy, but the appellee points out that "utility automobile" is defined for inclusion in coverage as a "truck type not used for business or commercial purposes." It is then argued that since the appellee did use the Camino in his business, the Camino cannot be a "utility automobile" and therefore cannot be included in the term "automobile" in the uninsured motorist coverage exclusion provision. We do not think the conclusion logically follows from the premises. When the words used in a contract have a plain and usual meaning, that meaning should govern in the interpretation of the contract. Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802, 803, 35 A.L.R. 1013 (1924). Here the meaning is clear. The Camino is an automobile for determining uninsured motorist coverage of the appellee.
Appellee's second proposition urges that the judgment should be affirmed (even though appellant prevailed upon its point about the essential validity of the exclusion of "other owned automobiles") because the policy of insurance is ambiguous as to uninsured motorist coverage and therefore must be interpreted in favor of coverage. E.g., New York Life Ins. Co. v. Bird, 152 Fla. 532, 12 So.2d 454 (1943). It is urged that because the policy stated that insurance was afforded "with respect to such of the following coverages as are indicated by specific premium charge * * *", because the premium charged for uninsured motorist coverage indicated that it applied to "all `owned automobiles'", and because the same line indicated that the premium was rated on a "per individual basis", there were conflicting clauses which must be construed against the insurance company.
The policy defines "owned automobile" as
* * * * * *
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium *676 charge indicates that coverage is afforded * * *."
The line after the premium rate places "owned automobile" within quotation marks thus indicating that it refers to the term as used in the policy. Therefore the reference to "all `owned automobiles'" is not conflicting, since policy definitions govern the meaning of terms used in the policy. Dorrell v. State Fire and Casualty Company, Fla.App. 1969, 221 So.2d 5.
For the same reason we do not find a conflict in the fact that the line used for the premium charge indicated that it is to be used when the rate is on a "per individual" basis. There is no logical reason why the rate should not be determined on the basis of the fact that one person makes the application and then the coverage be limited by a clear statement that the coverage was only for "owned automobiles" as defined in the policy. Similarly there is no conflict between the determining of the rate on a "per individual" basis and the exclusion that the individual is not covered if he is occupying an automobile that he owns but does not care to include in the policy of insurance. In the present case we follow the reasoning in Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244: it was not the intent of uninsured motorist legislation to allow an automobile owner to insure one automobile and claim coverage upon all of his automobiles, thus vastly increasing the risk to his insurer by knowingly owning and operating a fleet of uninsured vehicles on the highways.
It thus appears that the appellant has shown that the judgment was entered under a misapprehension as to the effect of established law and there is no other valid legal basis for the judgment. We reverse the judgment appealed from with directions to enter judgment for the appellant.
Reversed.
BARKDULL, Judge (dissenting).
I respectfully dissent. The policy in question contained the following provisions relative to insurance coverage and premiums:

The clause in question in this litigation is coverage "J", relating to uninsured motorists; it covered "All `owned automobiles'". A single premium was charged, apparently notwithstanding the number of automobiles owned. This is clear because *677 [as indicated above from the excerpt from the policy's premiums] all coverages "A" through "I" were based on the number of automobiles. This was not the case as to coverage "J". It apparently was not the intention of the company to charge per automobile for uninsured motorists coverage, and to attempt to limit the coverage by definitions notwithstanding the premium provisions [as above set forth and notations on the coverage schedule] is, I believe, contrary to the law and public policy of this State; the action of the trial judge should be affirmed. See: Hartnett v. Southern Insurance Company, Fla. 1965, 181 So.2d 524; Sellers v. United States Fidelity & Guaranty Company, Fla. 1966, 185 So.2d 689; Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244; Butts v. State Farm Mutual Automobile Insurance Company, Fla.App. 1968, 207 So.2d 73.