HENDRY, Judge.
The appellant-defendants, the Salas’, seek review of an adverse final summary judgment entered in favor of plaintiff-ap-pellee Liberty Mutual Fire Insurance Company in its declaratory judgment action to determine rights under an automobile insurance policy.
The appellants generally contend that the “family-household” exclusion is contrary to the purpose of § 627.0851, Fla.Stat., F.S.A. We reject this contention and affirm the judgment.
Two automobiles collided near an intersection leading to the parking area of Crandon Park. Appellant Sylvia Salas was riding as a passenger in an uninsured automobile owned and operated by her brother, Raymond Salas, Jr. The other car was owned by Marian C. Kees and was operated by Richard Kees; the Kees’ vehicle was insured by Allstate Insurance Company.
Sylvia Salas, a minor, and her brother are both residents in the household of their father, appellant Raymond Salas. Their father is the named insured in a policy issued by appellee-Liberty Mutual Fire Insurance Company. The policy contains uninsured motorist coverage, but contains the following limitation:
“This policy does not apply: * * * Under the Uninsured Motorists Coverage,
“(q) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle
The minor appellant, Sylvia Salas, made a claim under the uninsured motorist provision of the policy, alleging gross negligence on the part of her brother, the owner-operator of the vehicle in which she was a passenger. An arbitration hearing was scheduled, and then appellee filed the present complaint for a declaratory decree, alleging that it was not liable under the uninsured motorist provision containing a “family-household” exclusion.
While certain exclusions from uninsured motorist coverage have been struck down, nevertheless “family-household” exclusions of this type have been upheld by this court. National Union Indemnity Company v. Hodges, Fla.App.1970, 238 So.2d 673.
We think the trial court was correct in refusing to strike down the “family-household” exclusion in question.
Therefore, the judgment appealed is affirmed.
Affirmed.