272 So.2d 1 (1972)
Sylvia SALAS and Ramon Salas, Individually, and As Guardian of Sylvia Salas, a Minor, Petitioners,
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Respondent.
No. 41279.
Supreme Court of Florida.
December 13, 1972.
Rehearing Denied February 7, 1973.
*2 Guilmartin, Gaine & Gaine, and Jeanne Heyward, Miami, for petitioners.
Law Office of Richard E. Hardwick, Coral Gables, and Sam Daniels, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal Third District (Salas v. Liberty Mutual Fire Insurance Company, Fla.App., 247 So.2d 528), which allegedly conflicts with a decision of this Court (Hodges v. National Union Indemnity Company, Fla., 249 So.2d 679), and other decisions on the same point of law. Fla. Const., art. V, § 4, F.S.A.
This was an action brought by Liberty Mutual Fire Insurance Company seeking a declaratory judgment determining its rights under an automobile insurance policy.
Petitioner Sylvia Salas, the minor daughter of the named insured, Ramon M. Salas, and a resident of her father's household, was involved in an automobile accident while riding as a passenger in an uninsured vehicle owned and operated by her brother, Raymond M. Salas, Jr., who was also a resident of his father's household. The other vehicle involved in the accident was owned by Marian C. Kees and operated by Richard Kees. The Kees' vehicle was insured by Allstate Insurance Company.
The insurance policy issued by respondent Liberty Mutual Fire Insurance Company to the father provided uninsured motorist coverage and described the following persons as insured under the policy:
"Persons Insured.
"* * *
"Under the Uninsured Motorist Coverage, the following are insureds:
"(a) the named insured and any relative,
"(b) any other person while occupying an insured automobile,
"(c) any person with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above."
Petitioners made a claim under the uninsured motorist provision of Liberty Mutual's policy alleging gross negligence on the part of Raymond M. Salas. After the arbitration hearing had been scheduled, Liberty Mutual instituted the present action alleging in its complaint for declaratory judgment that it was not liable under the uninsured motorist provision of its policy because of the following exclusion:
"(g) To bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to *3 the named insured by blood, marriage or adoption, or through being struck by such a vehicle; ..."
Petitioners answer alleged that the vehicle owned and operated by Raymond M. Salas, Jr., was uninsured at the time of the accident, and sought a declaratory judgment determining that Liberty Mutual was obligated under its policy. Attorneys' fees were requested.
The trial court upheld the validity of the family-household exclusion and entered a summary final judgment in favor of Liberty Mutual.
Upon appeal, the trial court was affirmed on the authority of National Union Indemnity Company v. Hodges, 238 So.2d 673 (Fla.App.3d 1970). Subsequently, the decision of the District Court of Appeal in National Union Indemnity Company v. Hodges, supra, was quashed by this Court. Hodges v. National Union Indemnity Company, supra.
The above-quoted "family-household" exclusion patently attempts to narrow or limit the uninsured, motorist coverage, contrary to the purpose and intent of Fla. Stat. § 627.0851, F.S.A.
In Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), Shelby Mullis had been issued two policies by State Farm covering a 1963 Ford and 1967 Ford, which policies provided coverage to the insured, his spouse, and their relatives resident in his household (which included Richard Lamar Mullis) for bodily injury caused by the negligence of an owner or operator of an uninsured automobile. Richard Lamar Mullis, the son, was injured while he was operating a Honda motorcycle, which was not covered by the policy issued by State Farm. The son was injured by the negligent operation of an automobile by Marion William Smith, an uninsured motorist. The Honda motorcycle was owned by Richard Lamar Mullis' mother, the wife of Shelby Mullis. When arbitration was refused by State Farm, suit for declaratory judgment was instituted and summary judgment was entered in favor of State Farm, pursuant to its defense that its two policies by their terms excluded the uninsured motorist coverage claimed by the plaintiffs. The exclusion provision reads as follows:
"(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an `insured automobile';"
The Court in its opinion said:
"To summarize, the policies provide for uninsured motorist family protection for the members of the Mullis family household, subject to the exclusion that this coverage is not applicable if the bodily injury caused by the negligence of an uninsured motorist occurs while the injured member of the family is occupying another motor vehicle owned by Shelby Mullis or an insured member of his household that is not covered by said automobile liability policies issued to Shelby Mullis.
"* * *
"The question to be decided is whether the described exclusion of Richard Lamar Mullis from uninsured motorist coverage is legally permissible under Florida law.
"* * *
"The recited exclusion is contrary to F.S. Section 627.0851, F.S.A., and the uninsured motorist protection contemplated therein." (252 So.2d 229, pp. 231-232)
Fla. Stat. § 627.0851, F.S.A., establishes the public policy of Florida to be that every insured, as defined in the policy, is entitled to recover under the policy for damages he would have been able to recover against the negligent motorist if that motorist had maintained a policy of liability insurance. Davis v. United States Fidelity & Guaranty Company of Baltimore, Maryland, 172 So.2d 485 (Fla.App.1st, 1965); *4 Travelers Indemnity Company v. Powell, 206 So.2d 244 (Fla.App.1st, 1968); First National Insurance Co. of America v. Devine, 211 So.2d 587 (Fla.App.2d, 1968); Hodges v. National Union Indemnity Company, supra.
It can also be argued that a second exclusionary clause might be applicable in the present case:
"This policy does not apply: ...
"Under the Liability Coverage, ...
"(j) to bodily injury to
"(1) any person, if such person is related by blood, marriage or adoption to and is a resident of the same household as
"(i) the insured or
"(ii) the person for whose use of the automobile or trailer the insured is legally responsible, or
"(2) the named insured."
The language adopted by this Court in Mullis v. State Farm Mutual Automobile Insurance Co., supra, in seeking uniformity in application of Fla. Stat. § 627.0851, F.S.A., treats the insureds
"[A]s `if the uninsured motorist had carried the minimum limits' of an automobile liability policy." (252 So.2d 229, p. 238)
The argument continues that if Raymond M. Salas, Jr., the driver of the automobile, had been covered by insurance, Sylvia Salas, his sister and passenger, would have been excluded by the above-noted family exclusion clause. Likewise, Sylvia would have been excluded under the uninsured motorist protection because the driver would no longer have been uninsured.
Thus, an exception to Mullis could be urged on the basis that an accident involving an "intra-family," multi-car situation such as presented in the case sub judice presents a different question when the negligence is charged against a member of the family.
Such an interpretation of Fla. Stat. § 627.0851, F.S.A., would be contrary to the intention of the Legislature, as interpreted by earlier decisions of this Court, to create a broad protection of insureds from the negligence of uninsured motorist's negligence.
In Hodges v. National Union Indemnity Company, supra, we said:
"The fine print of an insurance policy ... should not be read to exclude coverage unless it plainly and with certainty `brings home' in unambiguous language to the insured that he is not protected in a certain particular... . And especially is this so when it is recalled that it has been repeatedly held that uninsured motorist coverage provided pursuant to F.S. Section 627.0851, F.S.A., ordinarily protects a named insured under all circumstances and locations when he is injured by an uninsured motorist as `if the uninsured motorist had carried the minimum limits' of an automobile liability policy." (249 So.2d 679, p. 681)
The use of the language utilized in the argument under consideration in the context of Hodges indicates that the phraseology was intended to create greater liability coverage, not to create exemptions.
Likewise, in Mullis v. State Farm Mutual Automobile Insurance Co., supra, we said:
"Whenever bodily injury is inflicted upon named insured or insured members of his familly by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance issued pursuant to requirements of Section 627.0851." (252 So.2d 229, p. 233)
*5 Thus, the intention of the Legislature, as mirrored by the decisions of this Court, is plain to provide for the broad protection of the citizens of this State against uninsured motorists. As a creature of statute rather than a matter for contemplation of the parties in creating insurance policies, the uninsured motorist protection is not susceptible to the attempts of the insurer to limit or negate that protection.
A direct attempt of the insurer to limit the applicability of uninsured motorist protection, such as is contained in the policy under consideration here, has already been rejected as struck down by us in Mullis. Why, therefore, should we create such an exception, obviously not in the contemplation of either party, indirectly? We feel that we should not.
The decision of the District Court of Appeal is quashed and the cause is remanded with instructions to further remand same to the trial court for further proceedings consistent with the views herein expressed.
It is so ordered.
ERVIN, CARLTON, BOYD and McCAIN, JJ., concur.
ROBERTS, C.J., dissents.
DEKLE, J., dissents with opinion.
DEKLE, Justice (dissenting).
I must respectfully dissent.
There is a distinction in the present case which would be consistent with our holdings in Hodges v. National Union Indemnity Co., 249 So.2d 679 (Fla. 1971), and Mullis v. State Farm Mutual Automobile Ins. Co., Supreme Court Opinion filed July 1, 1971. In Mullis, at p. 237-238 this Court held:
"In sum, our holding is that uninsured motorist coverage prescribed by Section 627.0851 is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage prescribed by the Financial Responsibility Law... . To achieve this purpose, no policy exclusions contrary to the statute of any of the class of family insureds are permissible since uninsured motorist coverage is intended by the statute to be uniform and standard motor vehicle accident liability insurance for the protection of such insureds thereunder as `if the uninsured motorist had carried the minimum limits' of an automobile liability policy... ." (Emphasis added)
The italicized portion of the above quotation from Mullis clearly states as predicate for the holding, that uninsured motorist coverage is to be provided on the basis and to the extent, that the insured would have been protected had the uninsured motorist carried liability insurance. This statement in Mullis is as clear as a statement of law could be made, but by the decision in the present case we are extending uninsured motorist protection beyond the protection which the insured would have if the uninsured motorist had bought ordinary liability coverage. If Ramon M. Salas had bought the appropriate minimum liability policy, (our predicate) Sylvia Salas would not have been able to recover under that liability policy because of the traditional family exclusion clause.[1] Nor would she have been able to recover under the uninsured motorist provision since Ramon M. Salas would have been "insured" under this test.
Therefore, we are giving greater coverage under the uninsured motorist provision *6 than the insured would have received "if the uninsured motorist had carried the minimum limits." This result directly contradicts our ruling in Mullis, supra. It is a strange result that provides an incentive NOT to purchase insurance for additional cars within the family and thus obtain coverage that would not otherwise obtain.
We should recognize here a distinction in the Mullis rule to avoid this paradox, i.e., in an "intra-family," multi-car situation such as exists here, there could be no recovery under uninsured motorist coverage. This would be consistent with Mullis which allowed this type of recovery upon the reasoning that recovery should be "as if the uninsured motorist had carried the minimum limits of an automobile liability policy." In applying this criterion we (fictitiously) "issue" such a liability policy to "brother" (Ramon Salas) but then we find that under that policy there could be no recovery by "sister" (Sylvia Salas) as a passenger in her brother's now "insured" car (Ramon Salas) under Liability Coverage, since such coverage would be expressly excluded.[2]
For these reasons, and for those reasons discussed in my dissent in Hodges v. National Union Indemnity Co., supra, I must respectfully dissent.
NOTES
[1] "This policy does not apply: ...

"Under the Liability Coverage, ...
"(j) to bodily injury to (1) any person, if such person is related by blood, marriage or adoption to and is a resident of the same household as (i) the insured or (ii) the person for whose use of the automoble or trailer the insured is legally responsible, or (2) the named insured."
[2] See Note 1, supra.