548 So.2d 733 (1989)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Heidi MALLARD, Appellee.
No. 88-2482.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied October 5, 1989.
*734 Barnett, Clark and Barnard and James K. Clark, Miami, for appellant.
Scott M. Sandler, Evan J. Langbein, Miami, for appellee.
Before HUBBART, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a final summary judgment arising out of a claim for declaratory judgment on an automobile insurance policy. Appellee was involved in an automobile accident and sought to recover her damages from appellant under the policies it issued to Mallard Electric, Inc. which insured appellee's parents. We affirm.
Appellant, State Farm Mutual Automobile Insurance Company (State Farm), issued three automobile insurance policies to Mallard Electric Inc. All three policies provided automobile coverage. Two of the policies, # 546-8227-D19-59 and # 560-4037-B04-59, provided dollar amounts for coverage under the heading of "Limits of Liability, Uninsured Motor Vehicle."
Appellee, Heidi Mallard (Mallard), resided with her parents, Carey and Ida Mallard. Carey Mallard is the president of Mallard Electric, Inc. (Mallard Electric) and Ida Mallard is its treasurer. Carey and Ida Mallard are the sole owners of Mallard Electric.
The two policies issued to Mallard Electric which contained uninsured motorist protection defined an "insured" under the policies as follows:
Who Is an Insured
Insured means the person or persons covered by uninsured motor vehicle coverage. This is:
1. the first person named in the declarations;
2. his or her spouse;
3. their relatives; ... .
In policy # 546-8227-D19-59, the first person named in the declarations page was Mallard's mother. The application for that policy listed both parents as insureds. In the declarations page for that policy, Mallard's parents were listed under the heading "Persons Insured Coverage." In policy # 560-4037-B04-59, there were no individuals named under "Persons Insured Coverage." However, the declarations page for that policy listed limits of liability for uninsured motor vehicle coverage.
State Farm contends that Mallard's parents were not covered by uninsured motorist protection. Further, that even though Mallard Electric, as the named insured, had been issued a policy for uninsured motorist coverage, a corporation can have no relatives so there can be no coverage, per se, for any relatives. Therefore, State Farm's contention is that Mallard cannot be covered under the subject policies.
Mallard asserts that her parents are insured under the policies. Further, that the provisions dealing with uninsured motorist coverage in her parents' policies do not refer to named insured, but to person or persons covered and includes their spouses and relatives. Mallard is a relative of the persons covered under the policies, her parents, and contends that by the policies' definition of an insured, she is covered thereunder.
To find that Mallard is covered under her parents' policies, a two-step process must be undertaken. First, her parents must be covered for uninsured motorists protection. Second, there must be an extension of that protection to Mallard. To extend the protection (1) the applications submitted by the parents must amplify, extend, or modify the policy to reflect such coverage; or (2) the information on the declarations page, construed together with the wording of the policy, must grant her *735 coverage. We hold coverage exists under both alternative prongs.
Section 627.419(1), Florida Statutes (1987) provides:
Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto. (Emphasis supplied).
Where the policy is "amplified, extended, or modified" by inconsistent terms or conditions in the application, the inconsistent provisions are not disregarded. Rather, the policy is then construed taking into consideration those provisions.
The application for policy # 546-8227-D19-59, which also serves as its binder, designates appellant's parents as "drivers" of the insured motor vehicle, lists their drivers' license numbers, their dates of birth, and refers to appellee's mother as "wife" of the applicant. It is thus evident that appellee's parents were covered on this policy based on their application.
The policies in question provided the definition of "insured" as the "persons covered by uninsured motor vehicle coverage." Concomitantly, the policies defined these "persons" as "the first person named in the declarations, his or her spouse, [and] their relatives." For Mallard to be covered under these policies, she must be the spouse or relative of a "person first named in the declarations," and such "person" must be covered "by uninsured motor vehicle coverage."
The policies issued to Mallard Electric listed the names of Mallard's parents under the heading "Persons Insured Coverage" on the declarations page. Thus, they were deemed "persons" under the terms of the policy. Her parents were the first persons listed in the declarations; and, it is undisputed that, as their daughter, Mallard is a "relative." Thus, the requirements of the policies' definition are met and the uninsured motor vehicle coverage held by her parents extends to Mallard.
Generally, the rule is that, in granting weight to the provisions of an application for insurance, the provisions of the policy govern where there is a conflict. See Quick v. National Indemnity Company, 231 So.2d 22 (Fla. 4th DCA 1970). However, that general rule is qualified where reliance on the provisions of the application would result in greater indemnity. Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla. 1973) (citing Joseph Uram Jewelers, Inc. v. Liberty Mutual Fire Insurance Company, 273 So.2d 111 (Fla. 3d DCA 1972)):
Insurance policies are generally construed liberally in favor of the insured and strictly against the insurer. Gaskins v. General Insurance Company of Florida, 397 So.2d 729 (Fla. 1st DCA 1981); Moore v. Connecticut General Life Insurance Company, 277 So.2d 839 (Fla. 3d DCA 1973); Home Insurance Company v. Drescher, 210 So.2d 451 (Fla. 3d DCA 1968). Where the meaning of the insurer's language is doubtful, uncertain or ambiguous, the doubt is resolved in favor of greater coverage. Joseph Uram Jewelers, Inc. v. Liberty Mutual Fire Insurance Company, 273 So.2d at 113.
It is well settled that the public policy of this state requires the upholding of uninsured motorist protection to insureds whenever possible. Salas v. Liberty Mutual Fire Insurance Company, 272 So.2d 1 (Fla. 1973); Hartford Accident and Indemnity Company v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979); Continental Insurance Company v. Wallace, 233 So.2d 195 (Fla. 3d DCA 1970).
Based on the foregoing, it is evident that appellee's parents were covered by uninsured motorist insurance and  since by each policy's own definition the coverage extended to their relatives  so was Mallard. We find that Mallard is entitled to coverage under her parents' uninsured motorist provisions. To hold otherwise would encourage the proliferation of insurance policies containing gossamer clauses that generate revenue by implying coverage *736 while, simultaneously, avoiding the underlying liability.
Affirmed.