681 So.2d 760 (1996)
ORION INSURANCE COMPANY, a Florida Corporation, and State No-Fault Insurance Agency, a Florida Corporation, Appellants,
v.
John A. COX, and Linda E. Cox, his wife, individually, and John A. Cox and Linda E. Cox, as parents and natural guardians of Nikkole Cox, a minor, Appellees.
No. 95-1769.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Rehearing Denied November 8, 1996.
Richard A. Sherman and Rosemary Wilder of Law Offices of Richard A. Sherman, P.A., and James W. Dawson of Fazio, Dawson, DiSalvo, Cannon, Abers, and Podrecca, Fort Lauderdale, for Appellant-Orion Insurance Company.
Richard J. Meehan of Meehan, Foley, and Beers, P.A., Palm Beach Gardens and Philip M. Burlington of Caruso, Burlington, Bohn and Compiani, P.A., West Palm Beach, for appellees.
RAMIREZ, JUAN, Jr., Associate Judge.
Orion Insurance Company appeals from a Final Judgment finding that the appellees were entitled to uninsured motorist benefits up to the liability limits of $100,000. We reverse.
Plaintiffs below sued Orion Insurance Company alleging that their respective automobile insurance policies should have included benefits for uninsured motorist coverage. The trial court held John Cox's waiver of uninsured motorist benefits to be proper because it was on Orion Insurance Company letterhead, but found Linda Cox's waiver to be invalid because it was secured by the agent on another carrier's letterhead. The issue on appeal is whether the trial court erred in finding that Orion Insurance Company did not have a valid uninsured motorist rejection form on the policy issued to Ms. Cox, as required by section 627.727(1), Florida Statutes (1991).
On January 3, 1992, John Cox went to State No-Fault Insurance Agency to obtain coverage on his commercial truck. He purchased an Orion Insurance Company policy *761 with liability limits of 100/300 and waived uninsured motorist coverage. Later, he stated he did not know if his policy had uninsured motorist coverage. While at the agency, Mr. Cox discussed securing insurance for his wife.
Linda Cox testified that she did not care with which insurance company she was covered. However, she did explain to the agent that she wanted the "best coverage" because she travels with children in her car all the time. The agent had her sign some insurance forms, including an uninsured motorist rejection form on American Skyhawk Insurance Company letterhead, an affiliate of Orion Insurance Company. The agent obtained a binder for Ms. Cox's automobile coverage and she paid a partial premium that day. The insurance policies which followed were issued by Orion Insurance Company, not American Skyhawk Insurance Company.
On May 17, 1992, Mr. Cox, while operating his wife's car, was involved in a head-on collision on I-75 when a car driven by Alfonzo Coleman crossed over the median on the highway. Mr. Coleman did not have adequate insurance coverage on his vehicle to satisfy the damages suffered by Mr. Cox and his passenger daughter.
The Coxes initiated suit against Orion Insurance Company alleging claims against Orion for uninsured motorist benefits under the two policies of insurance. The Coxes alleged that both policies taken out on January 3, 1992 should have included uninsured motorist coverage. The carrier, Orion Insurance Company, contended that the Coxes both signed uninsured motorist waivers and that it was irrelevant as to whether the uninsured motorist rejection was on the carrier's letterhead. The policy premium was calculated from the information on the application forms which lowered Ms. Cox's premium since uninsured motorist coverage was waived. Orion Insurance Company contended that Ms. Cox received the coverage for which she freely bargained.
According to section 627.727(1), Florida Statutes (1991), an uninsured motorist rejection form must: (1) be approved by the Florida Insurance Commissioner; (2) explain what uninsured motorist coverage is; (3) discuss the limits that are applicable unless coverage is rejected; and (4) include the following disclaimer as a heading on the form in 12-point bold: "You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury liability limits when you sign this form. Please read carefully."
It is undisputed that the form signed by Linda Cox complied with the statutory requirements of an uninsured motorist rejection form. However, the form she signed was not the form of the carrier that issued the policy. According to Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979), a carrier must request from the insured the completion of the form for uninsured motorist liability coverage or its rejection, unless the policy is up for renewal with no significant liability limit changes. Ms. Cox's policy was not up for "renewal." She was purchasing a new policy with a new carrier through a licensed representative.
Orion Insurance Company does not dispute that the form could bind the insurer or that the insurer is liable for any acts or omissions of the agent. § 626.752, Fla.Stat. (1991). But it is also undisputed that the form met the statutory requirements. It is merely a technicality that the signature is on a different form, and the court should have considered the evidence as to the insured's intention to waive the uninsured motorist coverage. Ms. Cox testified that it made no difference to her which insurance company the policy was written on. She had an opportunity to clarify any policy questions as to carrier or policy terms at the time she received the policy. Having waived uninsured motorist coverage with American Skyhawk, there is no indication that she would not have also waived it with Orion Insurance Company.
Section 627.727(1) provides that if a form in compliance with the statutory requirements "is signed by a named insured, it will be conclusively presumed that there was an informed, knowing rejection of coverage or election of lower limits on behalf of all insureds...." *762 Thus, the governing statute does not void forms that contain the requisite signature from the insured for waiving coverage just because of a different logo on the form.
Although the binder was secured with American Skyhawk, Orion Insurance Company was the governing carrier from the date of inception on the binder, because the policy was intended to absorb the coverage originally at the time of the binder. As soon as Orion Insurance Company issued the policy, it assumed the risk of loss from the inception of the binder. The forms signed by the insured were taken into account at the time of calculating the proper premium. Thus, any decision to hold Orion Insurance Company liable to provide the insured with uninsured motorist coverage would be granting the insured something she did not intend to receive or to pay for.
As the carrier that assumed the risk, the name change on the form did not relieve Orion Insurance Company of liability had Mr. or Ms. Cox been the one that crossed over the median on the highway and collided head-on with an unsuspecting driver. The name change should not then release and excuse the Coxes from the proper statutory release they signed.
Generally, insurance companies that have secured the proper waiver are legally protected from having to provide coverage for insureds which have not paid for such coverage. Although insurance policies are generally construed liberally to give greater coverage to the insured and strictly construed against the insurer, there is no ambiguity to interpret in this case. Unlike State Farm Mutual Automobile Insurance Co. v. Mallard, 548 So.2d 733 (Fla. 3d DCA 1989), the insured's application and insurance policy are not in conflict.
In the instant case, it is clear that Orion Insurance Company complied with statutory requirements and that the statute is devoid of a requirement that the form must include the company logo. Thus, a valid waiver of uninsured motorist coverage was in effect at the time of the accident. Therefore, the final judgment and order finding that Orion Insurance Company did not have a valid uninsured motorist rejection form as to the policy issued to Ms. Cox and the finding that the appellees were entitled to uninsured motorist benefits up to the liability limits of $100,000 is reversed and remanded with directions to enter an Amended Final Judgment in accordance with this opinion.
Reversed and remanded.
STONE and SHAHOOD, JJ., concur.