684 So.2d 248 (1996)
George Kenneth JOHNSON and Jacqueline M. Johnson, Appellants,
v.
STANLEY WHITE INSURANCE and State Farm Mutual Automobile Insurance Company, Appellees.
No. 95-04646.
District Court of Appeal of Florida, Second District.
December 4, 1996.
*249 Delano S. Stewart of Stewart, Joyner, Jordan-Holmes, Holmes, P.A., Tampa, for Appellants.
Dorothy C. Venable and Joseph S. Silver of McKendree, Driscoll & Silver, P.A., Tampa, for Appellees.
ALTENBERND, Acting Chief Judge.
George and Jacqueline Johnson appeal a summary final judgment in favor of State Farm Mutual Insurance Company and its agent, Stanley White Insurance. We reverse because the sparse record does not resolve all material issues of fact.
The Johnsons filed a claim with State Farm seeking underinsured motorist protection for an automobile accident that occurred on July 28, 1993. In that accident, Mr. Johnson allegedly sustained injuries when his car was struck by a car driven by Clarence Spencer. Mr. Spencer's liability insurance company paid the Johnsons $10,000. State Farm was willing to pay $25,000, which is the limit of its uninsured motorist (UM) coverage for the one Johnson car involved in the accident. The Johnsons maintain that they did not reject stacked uninsured motorist coverage and are entitled to an additional $75,000, which is the policy limit for stacked UM coverage on their other three cars.
The record in this case is extremely limited. The Johnsons filed a complaint and amended complaint which identify the four insurance policies but do not have copies attached. The Johnsons allege that they do not have copies of the policies. They also allege that they were not informed of their right to select stacked UM coverage and did not sign or receive any selection/ rejection form concerning UM coverage.
State Farm never answered the complaints. It filed motions to dismiss and a motion for summary judgment on behalf of itself and Stanley White. State Farm's attorney filed a document described as "a sample copy of the policy." This document is not filed under oath, and it is not a certified copy of any one of the Johnsons' four policies for any relevant period. The record does not contain declaration pages for any of the policies. State Farm also filed an affidavit from one of its employees, attaching a selection/rejection form containing the Johnsons' signatures. This form appears to select non-stacked coverage on four cars. In response to this affidavit, the Johnsons filed affidavits stating that they signed blank application forms and were told by the agent that he would fill in "everything else." In their affidavits, they again state that no agent told them that they were selecting reduced coverage.
The Johnsons do not have a single policy with State Farm insuring four autos; instead, they have four separate policies. According to the allegations in the amended complaint, these policies were issued as early as August 1990, as recently as February 1994, and have different policy periods. The selection/rejection form State Farm filed is dated April 26, 1993, and identifies four automobiles. Apparently, the Johnsons had standard UM coverage on the four vehicles prior to that date. The record does not even explain why the Johnsons had a reason to sign the form on April 26, 1993. Their claim that no one explained the blank application form to them stands unrefuted at this time.
*250 Section 627.727(1), Florida Statutes (1993), purports to make the named insured's signature on an approved selection form a conclusive presumption that the selection of reduced uninsured motorist coverage was informed and knowing. Case law, however, holds that the signature on such a form can be refuted in extraordinary cases involving fraud, forgery, or trickery. White v. Allstate Ins. Co., 530 So.2d 967 (Fla. 1st DCA 1988), review denied, 539 So.2d 476 (Fla.1989); Rodriguez v. American United Ins. Co., 570 So.2d 365 (Fla. 3d DCA 1990). State Farm and Stanley White have not conclusively established on this record that the Johnsons cannot prevail on their claim. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). We express no opinion on the outcome in this case, but simply hold that the issue was not ripe for summary judgment at this time.
Reversed and remanded for further proceedings consistent with this opinion.
BLUE and FULMER, JJ., concur.