PER. CURIAM.
Terry L. Padgett appeals a summary final judgment determining that no uninsured motorist (“UM”) benefits were due him from appellee, Horace Mann Insurance Company (“Horace Mann”), because of a limitation on UM coverage an insurer may impose if an insured elects non-stacked coverage. We reverse.
Padgett sued Horace Mann alleging that his son was killed while a passenger in a vehicle driven by an underinsured motorist. Padgett had been paid the limits of the driver’s applicable coverage, as well as UM benefits from his son’s insurer, Infinity Southern, in the amount of $20,000. When Padgett sought to obtain $10,000 in UM benefits from Horace Mann, Horace Mann denied coverage on the theory that Padgett had elected non-stacked coverage in his application, he had previously accepted the highest. UM benefits available, from Infinity, and therefore he had received the maximum benefits available under Florida law and the Horace Mann policy. Both parties moved for summary judgment because the question is one of law; there are no issues of material fact.
The Florida Supplementary Application to the Horace Mann policy provides, in pertinent part, under the heading “Election of Non-stacked Coverage”:
You have the option to purchase, at a reduced rate, non-stacked (limited) type of Uninsured Motor Vehicle coverage. Under this form if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy. If an injury occurs while occupying someone’s else’s vehicle ... you are entitled to select the highest limits of Uninsured Motor Vehicle coverage available on any one vehicle for which you are a named insured, insured family member, or insured resident of the named insured’s household. This policy will not apply if you select the coverage available under any other policy issued to you or the policy of any other family member who resides with you.
If you do not elect to purchase the non-stacked form, your policy limits(s) for each motor vehicle are added together (stacked) for all covered injuries. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of autos covered under the policy.
Appellant elected non-stacked coverage. In denying appellant’s claim for UM benefits, in addition to relying on the election in the Florida Supplemental Application, Horace Mann relied on section 627.727(9), Fla. Stat., which provides, in pertinent part:
Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:
(a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c).
[[Image here]]
(c) If the injured person is occupying a motor vehicle which is not owned by him or by a family member residing with him, he is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle he is occupying.
Also pertinent to a resolution of this case are paragraphs three and four of Section IV of the Horace Mann policy, which explain non-stacking (“JN”) and stacking (“JS”) uninsured motor vehicle coverage, and which provide, in pertinent part:
You have this coverage if Coverage JN or JS is shown on the declarations page. We will pay damages for bodily injury an insured is legally entitled to collect from the *629 owner or driver of an uninsured motor vehicle....
If you have coverage JN:
[[Image here]]
(3) If the insured sustains bodily injury while occupying a vehicle which is not described on the declarations page of this policy, coverage under this policy applies:
a. as excess to any uninsured motor vehicle coverage which applies to the vehicle as primary coverage, but
b. only in the amount by which it exceeds the primary coverage.
(4) If coverage under more than one policy issued by us or any other insurer applies as excess:
a. For coverage JN the total limits of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limits of liability of any one of the coverages that apply as excess; and
b. We are liable only for our share. Our share is that percent of the damages that the highest limit of liability of any policy issued by us bears to the total of all uninsured motor vehicle coverage applicable as excess to the accident.
Several theories were presented below in support of the motions for summary judgment, but the trial court did not explain the basis for its ruling in the order granting summary judgment for Horace Mann. Appellant now contends that his election of non-stacked UM coverage in the Florida Supplementary Application does not preclude his recovery of UM benefits in this case, where UM benefits have been provided by an insurer other than Horace Mann; rather, it would only preclude him from stacking UM coverages on more than one vehicle insured by Horace Mann. Appellant argues that Horace Mann’s interpretation of the Florida Supplementary Application is contrary not only to Florida law, but to the language of the policy itself. In his reply brief, appellant takes the position that the Florida Supplemental Application conflicts with paragraphs three and four, set forth above, of the UM section of the policy, under which, absent any evidence of primary UM coverage, as is the case here, he is entitled to recover, at a minimum, Horace Mann’s pro rata share of benefits, and that the policy language is dispositive when in conflict with the application.
Appellee contends the restriction in the Florida Supplementary Application mirrors that found in section 627.727(9)(e), Fla. Stat., and under those provisions, appellant cannot recover additional UM benefits since he has collected the higher amount, $20,000, from another insurer, Infinity. Further, appellee argues that the application must be read in conjunction with the policy as long as the two do not conflict, and that there is no conflict here; rather, the application contains restrictions that are more specific than those found in the policy, and are applicable only to a named insured, insured family member or insured household resident.
We are not persuaded by appellant’s argument that section 627.727(9)(e) is intended to be a limitation only on stacking of UM benefits by a single insurer. In our view, the plain language of that section supports appellee’s position. In the present case, however, we believe there exists a conflict between the election of non-stacking coverage in the application, insofar as it applies to UM coverage by any insurer, and the policy language which provides at a minimum for the payment of a pro rata share of UM benefits when non-stacking coverage has been elected, given the lack of evidence of primary UM coverage. We reject appellee’s argument that the Florida Supplemental Application merely imposes limitations on UM coverage over and above those found in subsections three and four of the policy and for that reason there is no ambiguity. In our view, the provisions are irreconcilable, and the interpretation more favorable to the insured must take precedence. “Ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy.” See Prudential Property and Casualty Insurance Co. v. Swindal, 622 So.2d 467, 470 (Fla.1993). The general rule is that, as between the application and the policy, the provisions of the insurance policy govern where there is a conflict except “where reliance on the provisions of the application would result in greater indemnity.” *630 See State Farm Mutual Automobile Insurance Co. v. Mallard, 548 So.2d 733 (Fla. 3d DCA 1989), citing Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla.1973). In the present case, appellant is due at least some measure of pro rata UM coverage.
Accordingly, the summary judgment is REVERSED and the ease REMANDED for further consistent proceedings.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.