STEVENSON, Judge.
Nationwide Mutual Fire Insurance Company appeals the trial court’s order granting partial summary judgment in favor of appel-lee, Florence Markow, on the issue of Na-tjonwide’s liability to Markow for uninsured motorist (“UM”) benefits under section 627.727(1), Florida Statutes (1995). We reverse and remand for entry of judgment in favor of Nationwide.
In March of 1986, Nationwide issued an automobile insurance policy to Mr. and Mrs. Markow. Two months later, Mr. Markow executed a written waiver of UM benefits on the couple’s behalf. Neither the transfer of administration of the insured’s policy from one Nationwide affiliate to another in August of 1988, nor the removal of the insured’s husband from the policy in March of 1990, triggered a duty on Nationwide to obtain another written waiver of UM coverage in order to avoid UM liability. See Orion Ins. Co. V. Cox, 681 So.2d 760 (Fla. 4th DCA 1996)(finding that the insured rejected UM coverage despite the fact that the rejection form was printed on the letterhead of the insurer’s affiliate); Kerr v. State Farm Mut. Auto. Ins. Co., 434 So.2d 970 (Fla. 5th DCA 1983)(holding that the insurer was not required to obtain a new written waiver of UM coverage when the wife, who was listed on the policy as an additional insured, was substituted as the “named insured” in place of the deceased husband).
In addition, we do not believe that there was any ambiguity in the annual notices sent by Nationwide, which tracked verbatim the language of the statute concerning the UM coverage options available to the insured. See § 627.727(1), Fla. Stat. (1997). Furthermore, it is undisputed that Mrs. Markow never paid for UM insurance, and the premium notices sent to her never listed UM coverage in the list of applicable coverages. Mrs. Markow had the responsibility to consider all information supplied with the premium notices, and once Nationwide fulfilled its statutory duty to inform her of available coverage, it was not required to do more. See Marchesano v. Nationwide Property & Cas. Ins. Co., 506 So.2d 410, 413 (Fla.1987).
REVERSED and REMANDED.
STONE, C.J., and GUNTHER, J., concur.