[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14387
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02911-SCB-AAS


THE TRAVELERS INDEMNITY COMPANY,

                                    Plaintiff-Counter Defendant-Appellee,

                    versus

JENNIFER GARCIA, as personal
representative of the estate of David R. Garcia,

                                    Defendant-Counter Claimant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 13, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

      This appeal is an insurance dispute arising from a fatal car crash. The Estate

of David Garcia appeals a summary judgment in favor of Garcia's insurance

company, The Travelers Indemnity Company, that limited the policy's coverage to $1 million. The Estate argues that the district court erroneously determined that only one "accident" caused David Garcia's death, and that the Travelers "Per Accident" policy therefore provides only $1 million in uninsured motorist coverage. The Estate argues instead that two discrete accidents caused Garcia's death, thereby entitling it to $2 million of coverage. After careful review and consideration, we reject the Estate's arguments and affirm the district court.

## I. BACKGROUND

David Garcia was driving a cargo van on a highway in Hillsborough County, Florida, when he was forced to a stop by congested traffic. The traffic was congested because some cars had collided about five minutes earlier about two miles ahead on the highway. None of the vehicles damaged in that collision made physical contact with Garcia's vehicle at any time. But, behind Garcia, the driver of a dump truck failed to slow down and collided with Garcia's van. Garcia died on the scene from the injuries sustained in the collision.

Travelers insured Garcia's van under an automobile policy that provided uninsured motorist coverage in the amount of $1 million per accident. The policy provided that Travelers "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by

2

an 'accident.'" The policy said that, "[r]egardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made or vehicles involved in the 'accident,' the most we will pay for all damages resulting from any one 'accident' is [$1 million]." Under the policy, an "insured" includes any person "occupying a covered auto." The dump truck that collided with Garcia's vehicle and the vehicles that caused the traffic congestion two miles ahead on the highway were "uninsured motor vehicles" within the terms of the policy.

The Estate submitted a claim to Travelers and received a check for $1 million. In a subsequent letter to Travelers, the Estate asserted that it was entitled to receive up to another $1 million on the ground that the collision that led to the initial traffic congestion constituted a separate "accident" that caused Garcia's death. Travelers sued the Estate in the United States District Court for the Middle District of Florida for a declaratory judgment that Garcia had been injured in one "accident." Travelers and the Estate both moved for summary judgment. The district court granted Travelers' motion and denied the Estate's motion, concluding that only one "per accident" limit applied. The Estate timely appealed.

## II. STANDARD OF REVIEW

We review a district court's rulings on cross-motions for summary judgment *de novo* and view the facts "in the light most favorable to the non-moving parties on each motion." *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*,

3

992 F.3d 1299, 1317 (11th Cir. 2021). "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

The Estate argues that the district court erred in concluding that, as a matter of law, one "accident" caused Garcia's death. Specifically, the Estate argues that it is entitled to $1 million for the collision between the dump truck and Garcia's vehicle and another $1 million for the collision five minutes earlier that caused the traffic congestion. This is so, the Estate argues, because both "accidents" caused Garcia's death: the dump-truck collision killed Garcia, but that collision would not have occurred "but for" the collision five minutes earlier two miles down the highway. We disagree and affirm.

"[F]ew insurance policy terms have provoked more controversy in litigation than the word 'accident.'" *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So.2d 1072, 1075 (Fla. 1998) (internal quotation marks omitted). To determine the number of accidents or occurrences for some insurance purposes, Florida courts apply the cause theory,[1] which "looks to the cause of the injuries." *Koikos v. Travelers Ins. Co.*, 849 So.2d 263, 269 (Fla. 2003). In *Koikos*, two restaurant patrons were shot by

---

[1] We assume without deciding that Florida courts would apply the cause theory to automobile insurance and the question of uninsured motorist coverage.

4

a single assailant and sued the restaurant's owner for negligently failing to provide security. *Id.* at 264–65. The restaurant owner's insurance company took the position that there had been only a single "occurrence" or "accident," and the owner sued for a declaration that the insurance company was wrong. *Id.* at 265. The Supreme Court of Florida agreed with the restaurant owner. It held that the owner's negligence was not the relevant "occurrence" for insurance purposes; instead, it "us[ed] the number of shots fired as the basis for the number of occurrences . . . because each individual shooting is distinguishable in time and space." *Id.* at 272. It emphasized that under the cause theory, courts should focus on the "independent *immediate* acts" that gave rise to the relevant injuries instead of the number of negligent omissions or the number of "injuries or victims." *Id.* at 273.

The Estate argues that the district court misapplied the "cause theory" to determine the number of "accidents" at issue here. The Estate contends that, just as two "occurrences" injured the two restaurant patrons in *Koikos*, two "accidents" caused Garcia's death. We disagree. Under the cause theory, we must focus "on the independent *immediate* acts that gave rise to the injuries." 849 So.2d. at 273. Here, from the insured's standpoint, he was involved in only one accident and only one immediate act gave rise to his injuries—the collision with the dump truck. It may be that the congestion-causing collision was an additional but-for cause of Garcia's death, but the same was true of the owner's negligence in *Koikos*, which the Supreme

5

Court of Florida declined to recognize as an "occurrence." We also believe that the congestion-causing collision could be said to "g[i]ve rise to [Garcia's] injuries" only if one views the entire chain of events as a single accident—that is, one "proximate, uninterrupted, and continuing cause" that started with the first collision and "resulted in all of the injuries and damage." *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1061 (11th Cir. 2020) (quoting *State Auto Property and Casualty Co. v. Matty*, 690 S.E.2d 614 (Ga. 2010)). So, no matter how one looks at it, only a single accident caused Garcia's death under the cause theory.

The Estate makes two additional arguments in support of its theory that two accidents caused Garcia's injuries. But neither is persuasive.

First, the Estate invokes Florida's public policy. In Florida, automobile policies are statutorily required to provide uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury . . . resulting therefrom." Fla. Stat. § 627.727. That statute "establishes the public policy of Florida to be that every insured, as defined in the policy, is entitled to recover under the policy for damages he would have been able to recover against the negligent motorist if that motorist had maintained a policy of liability insurance." *Salas v. Liberty Mut. Fire Ins. Co.*, 272 So.2d 1, 3 (Fla. 1972). Florida courts enforce this public policy by voiding exceptions and exclusions in insurance policies

6

designed to provide less uninsured motorists coverage than the statute requires. *See Young v. Progressive Southeastern Ins. Co.*, 753 So.2d 80, 87 (Fla. 2000); *Salas*, 272 So.2d at 5; *Mullis v. State Farm Mut. Auto. Ins. Co.*, 252 So.2d 229, 238 (Fla. 1971). But determining that Garcia's death was the result of only one accident does not reduce coverage in the manner prohibited by Section 627.727. We are not restricting the number of uninsured motorists who are liable to Garcia for coverage purposes; we are merely recognizing that one "accident," not two, caused Garcia's death. The number of "accidents" for uninsured motorist coverage purposes does not depend on the number of potentially liable uninsured motorists.

Second, the Estate argues that we must construe the policy in favor of coverage. If language in an insurance policy has more than one reasonable interpretation, courts favor the one that provides greater coverage. *See Flores v. Allstate Ins. Co.*, 819 So.2d 740, 744 (Fla. 2002). "In addition, when an insurer fails to define a term in a policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided." *Koikos*, 849 So.2d at 267 (cleaned up) (quoting *State Farm Fire & Casualty Co. v. CTC Development Corp.*, 720 So.2d 1072, 1076 (Fla. 1988)). Here, we believe the only reasonable interpretation of the policy is that one "accident" caused Garcia's death.

## IV. CONCLUSION

7

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment in favor of Travelers.